GEORGIANA H. SALTER, Appellant, *v.* HENRY R. DROWNE, as Trustee under the Will of MARGARET A. HARRISON, Deceased, et al., Respondents, and GEORGIANA H. SALTER, as Executrix of WILLIAM T. SALTER, Deceased, et al., Appellants.

Will — trusts — provisions of will creating trusts examined and held that testatrix did not intend that her daughter should have a vested remainder in the corpus of the trusts subject only to her own life estate.

A will created a trust in personal property whereby the daughter of testatrix, after the death of another beneficiary, had the income

thereof, the fund ultimately to go to the issue of such daughter, and in default of such issue, then to the next of kin of testatrix. A trust was also created in real estate for the benefit of the daughter, the title to which real estate was to vest in the granddaughter of testatrix, the child of said daughter, and in case of her death to vest in her issue, and if none, in the heirs at law of testatrix. The residuary estate, real and personal, was in part devised and bequeathed to the said daughter for life with remainder over to the issue of the daughter, "and if my daughter shall leave no issue then to my next of kin." Before the death of testatrix the only child of testatrix's daughter and all the other beneficiaries of such trusts died, leaving testatrix's daughter and some children and grandchildren of her deceased half-sisters her only surviving relatives other than said daughter. *Held*, upon consideration of such trust provisions, that the care with which testatrix sought to preserve the property from the possession of her daughter negatives any claim that she intended to use the words "heir at law" and "next of kin" in their strict and primary meaning as descendants of testatrix; that by the terms of the trust the division contemplated was among persons other than her daughter and other than the issue of said daughter; and that testatrix did not contemplate or intend that her own daughter could, upon any possibility, have a vested remainder in the corpus of the trusts subject only to such daughter's own life estate.

*Salter* v. *Drowne*, 141 App. Div. 352, affirmed.

(Argued March 22, 1912; decided April 9, 1912.)

APPEAL by plaintiff from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 10, 1911, which affirmed a judgment of Special Term construing the will of Margaret A. Harrison, deceased. Appeal by defendants, appellants, from said judgment so far as it relates to the construction, validity and effect of the 5th paragraph of said will, and so far as it adjudicates that the payment, by the trustee, of the principal of the trust fund, in said paragraph mentioned, to Georgiana H. Salter individually was unauthorized.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William H. Hamilton* and *Norman C. Conklin* for plaintiff, appellant. Upon the death of the testatrix

Mrs. Salter became vested absolutely with the $5,000 mentioned in paragraph 4 of the will, subject to a trust for the lives of testatrix's nephew and sister, and said trust terminated upon the death of said sister and nephew. (*Matter of Embree,* 9 App. Div. 602; 154 N. Y. 778.) Upon the death of the testatrix Mrs. Salter became entitled to the last half of the residuary estate referred to in the 7th paragraph of the will. (*Doane v. Mercantile Trust Co.,* 160 N. Y. 495; *Moore* v. *Lyons,* 25 Wend. 119; *Hersee* v. *Simpson,* 20 App. Div. 100; 154 N. Y. 496; *Woodward* v. *James,* 115 N. Y. 346; *Wadsworth* v. *James,* 29 App. Div. 191; 161 N. Y. 274.) Upon the death of testatrix Mrs. Salter became vested absolutely with the Fourth avenue house mentioned in paragraph 6 of the will, subject to the trust therein mentioned. (*Matter of Embree,* 9 App. Div. 602; 154 N. Y. 778; *Matter of Tompkins,* 154 N. Y. 634; *Matter of Kenyon,* 17 R. I. 149.) By the release executed by Mrs. Salter the trust created by the 6th paragraph of the will was merged in her remainder and she became the absolute owner of the Fourth avenue property. (*Connolly* v. *Connolly,* 122 App. Div. 492; *Snedeker* v. *Congdon,* 41 App. Div. 433; *Matter of Heinze,* 20 Misc. Rep. 371.) Upon the death of testatrix, Mrs. Salter as next of kin became vested with the remainder mentioned in the first half of the 7th paragraph of the will, subject to the trust for her life and the gift over to her possible issue surviving her. (*Doane* v. *M. T. Co.,* 160 N. Y. 495; *Matter of Tompkins,* 154 N. Y. 634; *Moore* v. *Lyons,* 25 Wend. 119; *Nelson* v. *Russell,* 135 N. Y. 137; *Miller* v. *Gilbert,* 144 N. Y. 68; *Corse* v. *Chapman,* 153 N. Y. 467; *Matter of Embree,* 9 App. Div. 602; *Hersee* v. *Simpson,* 20 App. Div. 100; *Roosa* v. *Harrington,* 171 N. Y. 341; *Ackerson* v. *Gorton,* 67 N. Y. 63.)

*Leonidas Dennis* for defendants, appellants. A trustee is not an insurer or guarantor of the safety of the trust fund, and where he makes a payment in good faith

in the exercise of reasonable care, he is not liable even though it should afterwards appear that the payment was unauthorized. (*Attorney-General* v. *Corporation of Exeter*, 2 Russ. 252; *Andrews* v. *McGuffog*, L. R. [11 App. Cas.] 313; *Pierson* v. *Thompson*, 1 Edw. Ch. 224; *Crabb* v. *Young*, 92 N. Y. 57; *De Courcy* v. *Dicken*, 1 Ky. Law, 260; *Morrow* v. *Co. of Saline*, 21 Kans. 353; *Hext* v. *Porcher*, 1 Strob. Eq. 170; *Bates* v. *Hamilton*, 144 Mo. 15; *Anderson* v. *Roberts*, 147 Mo. 496; *Matter of Wilkin*, 183 N. Y. 104.) The trustee properly construed the will. (*Busby Appeal*, 61 Penn. St. 111; *Welch* v. *Blanchard*, 94 N. E. Rep. 811; *Tuttle* v. *Woolworth*, 62 N. J. Eq. 532; *Kenyon, Petitioner*, 17 R. I. 149; *Lee* v. *Lee*, 1 D. & S. 85; *Ware* v. *Rowland*, 2 Phil. 633; *Pearce* v. *Vincent*, 2 Keen, 230; *Seiffeith* v. *Badham*, 9 Beav. 370; *Urquhart* v. *Urquhart*, 13 Sim. 239; *Mitchell* v. *Bridges*, 13 Wkly. Rep. 200.)

*Charles H. Beckett* for Henry R. Drowne, as trustee, respondent. Devises or bequests to hold in trust and pay the income thereof to a beneficiary "so long as she shall live;" "on her death then to pay and divide such principal sum or the investment thereof    *    *    *    then to my next of kin;" or "on her death    *    *    *    then to convey such house and lot in fee to    *    *    *    my heirs at law;" or "on her death to pay such principal sum or the investments thereof    *    *    *    then to my next of kin," suspend the vesting of the remainders until the death of the life beneficiary. (*Robinson* v. *Martin*, 200 N. Y. 159; *Schlereth* v. *Schlereth*, 173 N. Y. 444; *Matter of Cramer*, 170 N. Y. 271; *Lyons* v. *Ostrander*, 167 N. Y. 135; *Matter of Crane*, 164 N. Y. 71; *Clark* v. *Cammann*, 160 N. Y. 315; *McGillis* v. *McGillis*, 154 N. Y. 532; *Matter of Baer*, 147 N. Y. 348; *Delaney* v. *McCormack*, 88 N. Y. 174; *Hennessy* v. *Patterson*, 85 N. Y. 91; *Teed* v. *Morton*, 60 N. Y. 503.) There is nothing in the appellant's claim that the remainders must be presumed to have

vested in the decedent's next of kin at the death of Mrs. Salter's only daughter, because it should be presumed that Mrs. Salter will have no more children. (2 Blackst. Comm. 125; *Miller* v. *Macomb*, 26 Wend. 234; *Flora* v. *Anderson*, 67 Fed. Rep. 182; *Hill* v. *Spencer*, 196 Ill. 70; *Matter of Apgar*, 37 N. J. Eq. 501; *List* v. *Rodney*, 83 Penn. St. 483.) The fact that the former trustee, William T. Salter, made an erroneous payment of $5,000 trust money to the plaintiff, his wife, does not entitle the payment to stand. (Cons. Laws, ch. 50, § 105.)

*Edward L. Frost* for Susan E. Gerard, respondent. The words "heirs at law" and "next of kin" as used in the will refer to testatrix's next of kin living at the death of plaintiff, appellant. (2 Underhill on Wills, 611; *Delaney* v. *McCormack*, 88 N. Y. 174; *Briden* v. *Hewlett*, 2 M. & K. 232; *Bird* v. *Wood*, 2 S. & S. 400; *Jones* v. *Colbeck*, 8 Ves. Jr. 38; *Butler* v. *Bushnell*, 3 M. & K. 232; *Long* v. *Blackall*, 3 Ves. 486; *Matter of Allen*, 151 N. Y. 243; *Stewart* v. *Sheffield*, 13 East, 526; *Matter of Baer*, 147 N. Y. 348; *Teed* v. *Morton*, 60 N. Y. 502.)

*William H. Robbins* for John Seaman et al., respondents. By the terms of the will it was the manifest intention of the testatrix that the beneficial use of the property in question be limited to Georgiana H. Salter for her lifetime and then to go to the heirs and next of kin of the testatrix as of the date of the death of said Georgiana H. Salter. (*Matter of James*, 146 N. Y. 78; *Matter of Brown*, 154 N. Y. 313; *Douglas* v. *Grugger*, 80 N. Y. 19; *Metcalf* v. *Union Trust Co.*, 181 N. Y. 39.)

*I. N. Sievwright* for Minnie E. Selover et al., respondents. Where the intention of a testatrix is apparent from the terms of her will such intention must control; general rules of construction have no value in interpreting the will. (*Robinson* v. *Martin*, 200 N. Y. 159; *Eidt* v. *Eidt*, 203 N. Y. 328; *Roosa* v. *Harrington*, 174 N. Y. 341.)

CHASE, J.   It is necessary in this action to construe the will of Margaret Anna Harrison.   She made her will February 12, 1879.   At that time her daughter, the plaintiff in this action, and the plaintiff's daughter, May Florence Salter, were her only descendants.   The plaintiff was at that time the only heir at law and next of kin of Mrs. Harrison.   May Florence Salter died July 13, 1886, without leaving children.   Mrs. Harrison died April 27, 1895, and at that time her only heir at law and next of kin was the plaintiff.   At the time the will was made Mrs. Harrison's half-sister, Cornelia Y. Seaman, was living, but she died August 28, 1896, leaving children and grandchildren, some of whom are still living.   Mrs. Harrison also had another half-sister, Julia Clark, who died before the will was made.   She left a child, who lived until after the death of Mrs. Harrison, and died, leaving children.   It is necessary for the purposes of this action to construe the fifth, sixth and seventh paragraphs of the will.   The fifth paragraph of the will is as follows:

"*Fifth.* I give and bequeath to my executors the further sum of Five thousand dollars, upon trust, to invest and keep the same invested and collect and receive the interest and income thereof and pay the same to said Oakley Clark to be by him paid to my sister, so long as she shall live; and on the death of my sister that my said executors pay such interest to my daughter Georgiana to be by her applied to the support of herself and the support and education of her daughter, May Florence; and if my daughter be not living or on her death then to pay and divide such principal sum or the investment thereof to the issue of my daughter absolutely and if none then to my next of kin.   *   *   * "

The sister therein referred to was the said Cornelia Y. Seaman, who has since died, and the principal of said fund was thereafter paid to the plaintiff by William T. Salter, a trustee, now deceased, and who is represented in this action by his executor.

14

The sixth and seventh paragraphs of the will are as follows:

"*Sixth.* I give and devise my house and lot of land, number 125 Fourth Avenue, between 12th and 13th streets, in the City of New York, to my executors, in trust that they rent the same from year to year, or for a term not exceeding twenty-one years, for such rent as they may consider proper and collect the rents of said house and lot and after paying taxes, insurance and all other charges to pay the net rents to my daughter Georgiana so long as she shall live, to be by her applied to the support of herself and the support and education of her daughter May Florence; and if my daughter be not living or on her death to convey such house and lot in fee to said May Florence Salter should she then be of the age of twenty-one years, and if she be not then of such age that my executors hold such house and lot in trust until said May Florence attains such age and then to convey such house and lot in fee to said May Florence Salter; and if said May Florence Salter be not living then to convey such house and lot in fee to her issue and if none then to my heirs at law  * * *.

"*Seventh.* I give, devise and bequeath all the rest, residue and remainder of my estate and property, real as well as personal, of which I shall die seized, possessed or entitled, to my executors, in trust that they divide the same into two equal parts or shares and keep one of such parts or shares invested during the life of my daughter Georgiana and pay the interest and income thereof, to her quarterly, so long as she shall live to be by her applied to the support of herself and the support and education of her daughter May; and if my daughter should not be living or on her death to pay such principal sum or the investments thereof to the issue of my daughter and if my daughter shall leave no issue then to my next of kin  * * *."

By the fourth paragraph of the will a trust fund of $5,000,

and by a part of the seventh paragraph of the will, not quoted, a further trust fund to consist of one-half of said rest, residue and remainder were set apart in each case to invest and keep the same invested and to collect and pay over the interest and income thereof as therein provided. In each case the trust has terminated, and in each case it was provided that the principal of the trust be paid as therein provided and in default of persons living to take the same as therein provided "then to my (her) next of kin." There was a default of persons to take the same as therein in each case provided, and the principal has in each case been paid to the plaintiff as the only next of kin of the testatrix. As the plaintiff lived until after the period for the distribution of the principal of said trusts respectively, no controversy arises relating to either of them.

On the 8th day of November, 1909, the plaintiff executed a release in which she recited that she was the only child, heir at law and next of kin of Margaret Anna Harrison and therein further provided as follows: "Being also beneficially interested for my life in having a beneficial life estate in the whole of the income of, and being the sole beneficiary in the trusts or alleged trust, created by said last will and testament for the receipt of the income of personal and the rents and profits of real property, and subject thereto, being entitled to the remainder in the whole of the principal so held or claimed to be held in trust; for good and valuable consideration and in virtue of my right under the statutes in such case made and provided; have released and do hereby release unto myself all my right, title and interest in and to the income rents and profits of said trust (or alleged trust) estates for my life."

The important question for consideration is whether the testatrix by using in her will the words "heirs at law" and the words "next of kin" intended to convey the strict and primary meaning of such words, viz., the persons who, in case of intestacy, would at the moment of her death succeed to her real and personal property

or whether she used such words as they are not infrequently used, intending thereby the persons that would succeed to her real and personal property if she had lived until the time for the distribution of the trust funds respectively, and had died intestate a moment thereafter, viz., immediately after the death of her daughter, the plaintiff herein.

The intention of the testatrix, so long as it is not contrary to some statute or to public policy, must govern. We must look for that intention in the will itself. Because wills differ in the forms in which testators express their intention it is difficult and almost impossible to base one decision unqualifiedly upon another. Rules for the construction of wills can only be applied when they will aid in such construction. It is a rule in the construction of wills frequently asserted and urged now by the appellants that the law favors the vesting of estates. Like all other rules in construing wills it cannot be applied when it is found that by so doing the intention of the testator would not be carried out. The law does not hold that the trust estates mentioned are vested if it is found that the testator intended that the estate should not vest for a specified time and until the happening of specified events. A careful consideration of the language used by the testatrix in each of the three trusts quoted leads to the conclusion that she did not contemplate that her daughter would upon any possibility have a vested remainder in the corpus of the trusts subject only to her own life estate. The trusts were made when the testatrix was about sixty years old and a widow. The trust provided in the fifth paragraph of the will was made for the purpose of paying: 1. The income to a sister of the testatrix for her life. 2. Thereafter to the testatrix's daughter, the plaintiff in this action, for her life, for her support and the support and education of plaintiff's daughter, May Florence.

The testatrix provided that the principal of the trust fund should be paid and divided at the death of her

daughter or upon the death of her sister in case her daughter did not survive her sister: 1. To the issue of her daughter absolutely. 2. In default of such issue "Then to my (her) next of kin."

The division among the next of kin of the testatrix cannot occur if any descendant of the testatrix survive the period for which the trust is held under the will, and consequently by the terms of the trust the division contemplated was among persons other than the plaintiff and other than the issue of the plaintiff. Whether her next of kin, which constitute a class entitled by statute to succeed to her personal property, ever take under the will is uncertain and contingent and it cannot be finally determined until the death of the plaintiff. When the will was made the division of the trust fund was also contingent upon the life of her sister. If appellant's contention is right, the testatrix, notwithstanding her extreme care to preserve the trust, left it subject to the claim that it can be renounced by the plaintiff, and even if not renounced as claimed by her, nevertheless subject to her creditors, if any, and to assignment and transfer by her. (*Bergmann* v. *Lord*, 194 N. Y. 70.)

The purpose of the trusts provided by the sixth and seventh paragraphs of the will are not in legal effect unlike the one in the fifth paragraph of the will. In the two trusts where personal property is held and invested as therein provided when the period of distribution arrives the executors are directed "to pay and divide such principal sum" as therein also provided. In the trust where real property is held the executors are directed when the period of distribution arrives to "convey such house and lot in fee" as therein provided.

The testatrix lived nine years after the death of May Florence, during which time the chances of other descendants being born were almost as remote as they are at the present time, but the will was left unchanged. In each of the trusts every contingency other than a distribution or conveyance of the principal of the trust fund or prop-

erty to collaterals is provided for by the will. The purpose of the testatrix to provide for persons other than the plaintiff and the descendants of the testatrix is plain, and her use of the words as stated should be construed in accordance with her apparent intention, viz., that the distribution and conveyance be made to those that would have been her heirs at law and next of kin had she died intestate immediately after the plaintiff. The care with which she sought to preserve the property from the possession of her daughter negatives any claim that she intended to use the words "heir at law" and "next of kin" in their strict and primary meaning. She maintains a distinction between her descendants and the persons intended by the words "heirs at law" and "next of kin."

In Massachusetts where the courts in considering the intention of a testator give great weight to the primary meaning of the words "heirs at law" and "next of kin," and hold that estates arising under a will should be treated as vesting immediately unless the testator has manifested by clear language an opposite intent, it was held in *Boston Safe Dep. & Trust Co. v. Blanchard* (196 Mass. 35), in construing a will which, after providing for the testator's wife and daughter and their issue, if any, provided that if at the decease of the survivor of the wife and daughter there should be no living descendants of the testator, then the principal should be distributed among the testator's own right heirs unless his adopted son or his issue be then living, in which event he, if living, or his issue, if he be not living, should receive one-half of the principal, that the interest of the testator's "own right heirs" were contingent and vested in those who answered that description at the happening of the contingency. The court say: "Taking into account the situation of the testator with reference to his wife, daughter and other kindred at the time of the execution of his will and the language employed, his intent appears to have been to create a contingent rather than a vested interest."

If, instead of holding as we do in this case that the intent of the testatrix as shown by her will was to postpone any possible vesting of the corpus of the trusts until the death of her daughter, we were in doubt about her intention, the rule to be applied in construing the will in this state is that where a gift arises from a direction to divide or convey the trust property among a specified class of persons and such division or conveyance is contingent and dependent upon the happening of one or more uncertain events the gift does not vest until the time for distribution or conveyance arises.

In *Delaney* v. *McCormack* (88 N. Y. 174) the testator gave certain real property to his son for life and in fee in case he married and had issue. He further provided that if his son died without having had lawful issue his executors should sell said real property and distribute the proceeds among his "next of kin as personal estate, according to the laws of the state of New York for the distribution of intestate personal estate." The son died without having had lawful issue. Held, that the "next of kin" were those who were such at the time of distribution, *i. e.*, at the death of the son. The court say: "But there is no gift to the next of kin, and no language importing such gift, except in the direction to convert the real estate into money and then make distribution; and in such case the rule is settled that time is annexed to the substance of the gift and the vesting is postponed. Much more is that true where the gift is only to vest upon the happening of a future contingency, until the occurrence of which it is uncertain whether a gift will be made at all." (p. 183.)

In *Matter of Baer* (147 N. Y. 348) the will under consideration devised certain property in trust for the use of the testatrix's daughter and at her death to her issue if any; in case she died without issue the trustees were directed to apply the rents and profits of the property to the support of another person during life and at her

death to convey the remainder "to the children and lawful heirs of my brother Harmon Hendricks, deceased, to share and share alike per stirpes." The testatrix's daughter survived her and died without issue and the rents and profits of the property were paid to the third person during her life and the question arose as to when the children and lawful heirs of the testatrix's brother were to be determined. Held, that it vested in the lawful heirs of testatrix's brother at the death of the person whose life determined the end of the trust. The court say: "Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y. 405-411; *Teed* v. *Morton*, 60 N. Y. 502, 506; *In re Smith*, 131 N. Y. 239, 247.) * * * It is a case then where, as the cases express it, 'futurity is annexed to the substance of the gift,' and warrants the application of the principle that where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon trustees, the devise is designed to be contingent, and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift. This rule has been applied in numerous cases that do not differ essentially in the material facts from the one at bar. (*Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, 88 N. Y. 174; *Warner* v. *Durant*, 76 N. Y. 133, 136; *Vincent* v. *Newhouse*, 83 N. Y. 505, 511; *Delafield* v. *Shipman*, 103 N. Y. 463; *Hobson* v. *Hale*, 95 N. Y. 588.)"

In *McGillis* v. *McGillis* (154 N. Y. 532, 537) the will of the testator who died in 1848 devised certain lands in this state to a married daughter for life, and in case her husband survived her to him for life, and then provided that "From and after the decease of both my said daughter

and her said husband, I give, devise and bequeath the remainder, or fee simple in said property, to the lawful issue of my said daughter then living, in such relative proportions (if such issue consist of more than one person) as they would by the laws of the state of New York have then inherited, or taken the same from her, in case she and they were then native-born citizens of said state and she had then died intestate, lawfully seized of said property in fee simple."

The daughter and her husband survived the testator, and the daughter with children survived her husband. Held, in an action of partition subsequent to the daughter's death that the remainder was contingent and not vested until the death of her daughter.

In *Clark* v. *Cammann* (160 N. Y. 315, 327) the court, construing the language of the will then under consideration, say: " The remainder was, therefore, contingent and not vested, for the reason that the persons to whom, or the event upon which the estate was limited to take effect, remained uncertain until the termination of the life estate. Futurity was annexed to the substance of the gift and the vesting was suspended."

It was also therein held that where the gift is only found in a direction to pay at a future time, time will be deemed to be of the essence of the gift.

In *Matter of Crane* (164 N. Y. 71, 76) the court, in construing a will and referring to a provision thereof, say: " Two well-known rules of construction are applicable to this provision: *First.* Where the only words of gift are found in the direction to divide or pay at a future time the gift is future, not immediate; contingent and not vested. (Citing authorities.) *Second.* Where the gift is of money and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the distribution. (Citing authorities.) "

In *Matter of Schlereth* v. *Schlereth* (173 N. Y. 444, 449)

the court, in construing a clause of a will, say: "The seventh clause provides that after the death of the plaintiff leaving issue the trustees are to pay over the income to such issue, share and share alike, until the youngest shall have attained the age of twenty-one years, and then they are to divide the whole estate among such issue in equal shares. From this provision it is obvious that the testator intended to make a future and not a present gift. There are no words of gift therein except by a direction to the trustees to pay or divide at a future time. That under such circumstances the vesting in the beneficiaries will not take place or the future executory limitations take effect until such future time arrives, is fully established by the decisions of this court." (Citing authorities.)

In *Robinson* v. *Martin* (200 N. Y. 159, 163) a testatrix bequeathed a share of her estate in trust for the support of her son during his life, and "Upon the death of my (her) said son I give, devise and bequeath the said share to my unmarried daughters in equal shares." "Held, that the plan of the will, its language and the situation point to the son's death as the event in time which was to determine what daughters should take; that is to say, those at that time unmarried." (See *Beers* v. *Grant*, 110 App. Div. 152; affd., 185 N. Y. 533.)

The payment of the $5,000 held in trust under the fifth paragraph of the will was made to the plaintiff by her husband when he was acting as a trustee under the will, without the direction of a court. It was a voluntary payment made in contravention of the trust and unauthorized.

The judgment should be affirmed, with costs to each of the respondents appearing and filing briefs in this court by separate attorneys, payable out of the estate.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed.