KLINGER v. KLINGER et al.

(Supreme Court, Special Term, New York County. February 14, 1913.)

WILLS (§ 634*)—CONTINGENT REMAINDERS—SURVIVORSHIP.

Under a will giving all the property of the deceased to his wife for life, and providing that, after her death or marriage, it should be divided among their children, naming them, a child took only a contingent remainder which could not be passed by will upon her dying before her mother.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Action by Margaret B. Klinger against Charles Klinger, individually and as executor of the estate of John Klinger, deceased, and others. Judgment for defendants.

Benjamin L. Brandner, of New York City, for plaintiff.
A. & C. Steckler, of New York City (Alfred Steckler, of New York City, of counsel), for defendants Klinger and others.
C. Bertram Plante, of New York City, for defendants Wohlhagen and others.

NEWBURGER, J. John Klinger, who died seised of the premises sought to be partitioned, left a will in which he provided:

"First. After my lawful debts are paid I give, devise and bequeath all my real and personal estate, goods and chattels, of what nature and kind soever, unto my beloved wife, Margaretha Klinger, nee Steinmann, to have and to hold during the term of her natural life in lieu of dower. After her death (or in the event of my wife, the said Margaretha Klinger, getting married again) the whole property, real and personal, is to be divided into

five equal parts and shared, share and share alike, among my five children or their heirs. Names of children: William, Charles, Nettie (Schmidt), Lizzie and Annie Klinger." •

The testator was survived by his widow, Margaretha, who died November 26, 1911, and by the five children named in the will. William Klinger died November 10, 1909, leaving six children, his only heirs at law. Lizzie Klinger died on the 13th day of November, 1911, without issue, but left a will in which she gave all her estate to the defendant Charles Klinger, Jeannette Schmidt, Ann Klinger, and German Evangelical Lutheran Trinity Church.

The question to be determined in this proceeding is: Did Lizzie Klinger take a vested estate which passed by her will? It is almost elementary that, where the only words of gift are found in the direction to divide or pay at a future time, the gift is future and not immediate, contingent and not vested, and survivorship at the time of the distribution is an essential condition to the acquisition of an interest in the subject of the gift. See Smith v. Edwards, 88 N. Y. 92; Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Salter v. Drowne, 205 N. Y. 216, 217, 98 N. E. 401. A reading of the cases cited by defendant's counsel refer to wills creating life estates, but which, nevertheless, vested the fee in the remaindermen. No such construction can be placed upon the will of John Klinger. The general scheme of the will is clear, and the testator intended to make a future and not a present gift, and the property vested in Charles Klinger, Nettie Schmidt, Annie Klinger, and the children of William Klinger.

Submit findings and decree in accordance with these views.