In the Matter of the Estate of ADELINE GARRISON, Deceased.

Surrogate's Court, Suffolk County, June 25, 1934.

*Cullen & Dykman* [*William K. Allison* of counsel], for the petitioner.

*Morgan, Bagg & Persons*, for Florence D. Bond, individually and as executrix, etc., and another.

PELLETREAU, S. This is a proceeding brought by the Brooklyn Trust Company, as trustee under the will of Adeline Garrison,

deceased, for the settlement of its account as trustee of the trust created for the benefit of Leonard G. Bond and Florence D. Bond under the tenth paragraph of the will of said decedent and for a construction of so much of the said paragraph as applies to the trust so created.

The said Adeline Garrison died a resident of Suffolk county on the 15th day of February, 1910, leaving a last will and testament which was duly admitted to probate by the Surrogate's Court of Suffolk county on the 20th day of May, 1910. By said will the Brooklyn Trust Company was appointed trustee of the trusts therein created. It duly qualified as such trustee and is now acting as such. An intermediate accounting of this trust was had by the Brooklyn Trust Company in the year 1917 and a decree was entered by this court on the 22d day of April, 1918, settling and allowing the said account.

The tenth paragraph of the will of Adeline Garrison sets up three separate trusts out of the " rest, residue and remainder " of her estate, the trust for the benefit of Leonard G. Bond and Florence D. Bond, the subject of this account, consisting of one-half of the said rest, residue and remainder, and the other two trusts being carved out of the other one-half of the said rest, residue and remainder.

The said tenth paragraph is as follows:

" *Tenth.* I give, devise and bequeath all the balance of the rest, residue and remainder of my estate to the Brooklyn Trust Company, a corporation organized and existing under the laws of the State of New York, in trust however for the following uses and purposes; to make actual division of the same into two equal parts, and to invest and re-invest the same and to collect the income thereof, and to pay the whole income of the first part to said Leonard G. Bond and Florence D. Bond, semi-annually in equal shares for life, and upon the death of either of them leaving descendants to pay one-half of the principal of said first part to the descendants of the one so dying in equal shares *per stirpes*, and upon the death of either or both of them, without leaving issue to pay the principal sum upon which he or she has been receiving income to the heirs of said Sarah Garrison Sneden in equal shares *per stirpes*."

Leonard G. Bond, one of the beneficiaries of the trust in question, died on the 10th day of November, 1933, a resident of the county of Westchester and State of New York, leaving him surviving no issue. The will of the said Leonard G. Bond was duly admitted to probate by the Surrogate's Court of Westchester county on the 11th day of December, 1933, and on the same day letters testamentary were duly issued to Florence D. Bond, as executrix.

The petition of the Brooklyn Trust Company, as trustee, sets forth that a construction of the said tenth paragraph of the will of Adeline Garrison is necessary by reason of the provisions thereof and that the questions of construction to be determined by this court are:

" 1. Leonard G. Bond having died without issue and Florence D. Bond having survived him and being still alive, whether the whole of said one-half of the rest, residue and remainder of the estate of Adeline Garrison is now payable to the heirs of Sarah Garrison Sneden, as they shall be determined, or whether only one-half of said one-half of the rest, residue and remainder is now due and payable to said heirs of Sarah Garrison Sneden, as they may be determined, and the other one-half of said one-half of the rest, residue and remainder shall be continued in trust to pay the income to Florence D. Bond for her life, with payment over upon her death.

" 2. Leonard G. Bond having died without issue, and the heirs of Sarah Garrison Sneden, *per stirpes*, being entitled to the remainder interest in the trust fund for his benefit, whether such heirs of Sarah Garrison Sneden are to be determined as of the date of death of the testatrix, Adeline Garrison, or as of the date of death of Leonard G. Bond."

Sarah Garrison Sneden died on the 5th day of January, 1851. She left her surviving, as her only heirs at law, three daughters (all now deceased) as follows: 1. Sarah Rebecca Sneden Bond. 2. Anna Garrison Sneden Wintringham. 3. Laura Elizabeth Sneden Rowland.

The heirs of Sarah Garrison Sneden, *per stirpes*, as of February 15, 1910, the date of death of the testatrix, Adeline Garrison, were the same as at the time of the execution of the will of Adeline Garrison on July 8, 1907, and were:

1. The children of Sarah Rebecca Sneden Bond, a daughter (said Sarah Rebecca Sneden Bond having died on March 27, 1875), as follows:

A. Florence Davenport Bond, a granddaughter of Sarah Garrison Sneden, who is now living.

B. Leonard Garrison Bond, a grandson of Sarah Garrison Sneden, who died on November 10, 1933.

2. The issue of Anna Garrison Sneden Wintringham, a daughter (said Anna Garrison Sneden Wintringham having died on February 24, 1898), as follows:

A. Ruth L. Wintringham Satterly, a granddaughter of Sarah Garrison Sneden, who is now living.

B. Sidney G. Wintringham, a grandson of Sarah Garrison Sneden, son and only issue of Sidney Maxwell Wintringham, son of Anna

Maxwell Wintringham, said Sidney Maxwell Wintringham having died in the year 1896.

3. Laura Elizabeth Sneden Rowland, a daughter of Sarah Garrison Sneden, who died January 30, 1925.

The heirs of Sarah Garrison Sneden, *per stirpes*, as of November 10, 1933, the date of the death of Leonard G. Bond, one of the beneficiaries of the trust being accounted for in this proceeding, were:

1. The issue of Sarah Rebecca Sneden Bond, one of the three children of said Sarah Garrison Sneden, as follows:

A. Florence Davenport Bond, a granddaughter of Sarah Garrison Sneden.

2. The issue of Anna Garrison Sneden Wintringham, one of the children of said Sarah Garrison Sneden, as follows:

A. Ruth L. Wintringham Satterly, a grandaughter of Sarah Garrison Sneden.

B. Sidney G. Wintringham, a grandson of Sarah Garrison Sneden and only issue of Sidney Maxwell Wintringham, a deceased grandson of Sarah Garrison Sneden.

3. The issue of Laura Elizabeth Sneden Rowland, one of the three children of said Sarah Garrison Sneden, as follows:

A. Henry Luke Rowland, a grandson of Sarah Garrison Sneden.

B. Warren Sneden Rowland, a grandson of Sarah Garrison Sneden.

C. Laura E. Rowland West, a granddaughter of Sarah Garrison Sneden.

Upon the facts above outlined, and the tenth paragraph of the will of Adeline Garrison, I conclude as a matter of law that the estate should be distributed as follows: The sub-share from which Florence D. Bond received income should be held in trust for her life; that the sub-share from which Leonard G. Bond received the income is now distributable to the heirs of Sarah Garrison Sneden as of the date of his death; one-third to Florence D. Bond; one-sixth to Ruth Satterly; one-sixth to Sidney G. Wintringham, and one-ninth each to Henry Luke Rowland, Warren Sneden Rowland and Laura E. Rowland West, which last three are the surviving children of Laura Elizabeth Sneden Rowland, deceased.

In arriving at the above conclusion I consider the trust created for the benefit of Leonard G. Bond and Florence D. Bond of one-half of the residuary estate is divisable in two separate and independent funds, severally for them and were so intended. (See *Leach* v. *Godwin*, 198 N. Y. 35; also, *Wells* v. *Wells*, 88 id. 323.)

It must follow that one-half of the fund from which Florence D. Bond received the income should continue for her life. At her

death the principal should go to her descendants, if she have any; if none, to the heirs of Sarah Garrison Sneden in equal shares *per stirpes.* Likewise one-half of the fund from which Leonard G. Bond received the income is distributable. The words, " The heirs of the said Sarah Garrison Sneden " clearly mean those living at the date of the death of Leonard G. Bond, November 10, 1933, as is shown by the general scheme of the will.

(Note the opinions in *Salter* v. *Drowne,* 205 N. Y. 204; *N. Y. Life Insurance & Trust Co.* v. *Winthrop,* 237 id. 93, and the authorities referred to in each of those cases.)

Decree accordingly.