# In the Matter of the Estate of James M. Hook, Deceased.

Surrogate's Court, New York County, October 22, 1935.

*Walton, Bannister & Stitt,* for George Fuchs, individually, etc., objectant.

*Barr, Robbins & Palmer,* for the petitioner, Central Hanover Bank and Trust Company.

*Olney & Geer* [*Olin Potter Geer* of counsel], for James L. Shultis and others, respondents.

*William G. Klehm,* for Robert H. Shultis, respondent.

*Jonathan Holdeen,* respondent *pro se.*

FOLEY, S. A construction of the will is sought in this trustee's accounting. By his will the testator created a trust of his entire estate, the duration of which was measured by the lives of the testator's sons James and Henry. The will provides that so much of the income from the trust as is necessary for that purpose should be applied by the trustee to the support and maintenance of the decedent's wife. The will then directs the trustee to divide the remaining income " into four equal parts, among my four children, namely James M., Joseph O. and Henry A. Hook and Margaret Ann, wife of Robert Cheltis and their heirs, respectively, share and share alike, until the decease of my said two sons."

The remainder of the trust is then disposed of by the following language: " I do hereby further direct empower and require my said Trustees or the survivors or survivor of them, upon the decease of my said two sons, James M. Hook, Jr., and Henry Augustus Hook, to reapportion my real estate and transfer the same by good and sufficient Deeds to my surviving children and to the heirs of my deceased children, respectively as follows, that is to say that I do hereby give and devise my House and lot in fee simple known as No. 12 Leroy St. in the City of New York jointly to my daughter Margaret Ann, wife of Robert Cheltis and to my son Joseph Obediah Hook, as tenants in common, and to their heirs respectively, forever. And I do give and devise my house and lot, in fee simple, known as No. 22 Downing St. in said City to the heirs of my son, James M. Hook, Jr., and I do give and devise my House and lot No. 52 Downing St. in said City, with furniture, to the heirs of my son Henry A. Hook forever."

The testator's wife predeceased him. Joseph O. Hook also predeceased the testator. He died intestate, unmarried and without issue. James M. Hook, Jr., died in 1911. The testator's daughter, Margaret, died in 1923, leaving issue who are now living. The trust terminated on the death of Henry A. Hook on January 27, 1935.

The first question to be determined is the disposition of that portion of the principal of the trust which was given " to the heirs of my son, James M. Hook, Jr." On his death, in 1911, James M. Hook, Jr., was survived by two daughters, Phœbe and Hattie, who were his sole heirs and next of kin.

Phœbe died in 1914, leaving Hattie as her sole heir and next of kin. Hattie died in 1926 without issue. In her will she named her husband, George Fuchs, as her sole legatee and executor. George Fuchs now claims that he is entitled to the premises No. 22 Downing street, devised in the will to the heirs of James M. Hook, Jr. He contends that the remainder interest of the heirs of James M. Hook, Jr., vested on his death in 1911. His heirs at that time were his two daughters, Phœbe and Hattie.

This contention is opposed by the trustee and by the issue of the testator's daughter Margaret. They contend that the remainder interest of the heirs of James M. Hook did not vest until the termination of the trust.

There is no doubt that futurity is annexed to the substance of the gift of the remainder to the heirs of James M. Hook, Jr. This is clearly a gift to a class determinable at a future time. The intention of the testator as to when the members of this class were to be determined must be gathered from the language of the entire will and the scheme of distribution therein contained.

I hold that the testator intended to make a gift to the persons who were the heirs of James M. Hook, Jr., on the termination of the trust. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Buechner*, 226 id. 440; *Matter of Crane*, 164 id. 71; *Matter of Baer*, 147 id. 348; *Matter of Meahl*, 241 App. Div. 333.) The will directs the trustees to reapportion the real estate and transfer it by deeds upon the termination of the trust. This language is the equivalent of a direction to " divide and pay over." The direction to transfer the property by deed has special significance here. It indicates an intention to vest the gift of the remainder in living persons rather than in the estates of persons who might have died before the termination of the trust. There can be no reapportionment of the realty and transfer by deed to the remaindermen during the continuation of the trust. (*Matter of Bostwick*, 236 N. Y. 242.) George Fuchs, therefore, has no interest in that portion of the remainder of the trust devised to the heirs of James M. Hook, Jr. This portion of the remainder is distributable *per stirpes* among the heirs of James M. Hook, Jr., who were living at the termination of the trust. The stirpital distribution proposed by the trustee of this portion of the remainder is incorrect. Attention is called to the rule enunciated in *Matter*

*of Samson* (257 N. Y. 358). The nearest class of heirs determines the number of shares into which this portion of the remainder should be divided. Nephews and nieces comprise this class. This portion of the remainder should, therefore, be divided into as many shares as there are nephews and nieces living and nephews and nieces who have died but have left issue surviving. The nephews and nieces now living take in their own right. The issue of deceased nephews and nieces take by representation.

George Fuchs also claims an interest in that portion of the remainder which was devised to Joseph O. Hook, who died before the testator, unmarried and without issue. It is not clear whether this claim is based on the contention that the testator died intestate as to this portion of the remainder, or whether the respondent contends that the gift to Joseph and his heirs vested in the heirs of Joseph on the death of the testator. In either event there is no merit in the respondent's claim. I hold that the heirs of Joseph O. Hook who survived the termination of the trust are now entitled to that portion of the remainder which was bequeathed to him. Although the gift to Joseph O. Hook is in form an outright devise to him, the testator has indicated an intention throughout the will to make a substitutional gift of both principal and income to the heirs of his children who die before the termination of the trust. In disposing of the income of the trust, the testator directed the trustees to divide the income into four equal parts among his four children and their heirs. The lives of two of the children measured the duration of the trust. It was inevitable that one of the children would be dead during the continuation of the trust. A substitutional gift of income to the heirs of that child so dying must be implied. Similarly, the direction to " reapportion " the real estate and transfer it by deed on the termination of the trust indicates that the testator intended a substitutional gift to the heirs of Joseph, if he died before the termination of the trust. The gift to Joseph " and " his heirs must, therefore, be construed as a gift to Joseph " or " his heirs. (*Matter of Burrows*, 259 N. Y. 449, revg. 235 App. Div. 764, which reversed 139 Misc. 802; *Matter of Evans*, 234 N. Y. 42; *Whitman* v. *Terry*, 196 App. Div. 282.) This portion of the remainder must be distributed *per stirpes* among the heirs of Joseph living at the termination of the trust. This stirpital distribution should be made in the manner heretofore indicated.

I hold, further, that George Fuchs has no interest in the accumulated income in the hands of the trustee. Under the terms of the will, the income is given to the four children, with a substitutional gift, on the death of a child, to a shifting class of persons comprised of the heirs of the deceased child who were living as the income

accrued. The interest of the heirs of a deceased child in the income of the trust is subject to being divested by their death before the termination of the trust. (*Matter of Pulitzer*, 148 Misc. 116; affd., 241 App. Div. 858; affd., 265 N. Y. 522.)

George Fuchs has, therefore, no interest in this estate and his objections to the account are dismissed.

The issue as to the validity and effect of the assignment by Robert H. Shultis of his interest in the estate has been placed on my calendar for a hearing on the 7th day of November, 1935, at three P. M. The trustee is directed to serve notice of such hearing and file the same, with proof of service thereon, with the clerk of this court on or before the 31st day of October, 1935.