In the Matter of the Estate of CHARLES FISHEL, Deceased.

Surrogate's Court, New York County, March 29, 1938.

*Kendall & Herzog*, for the accountant, Manufacturers Trust Company, petitioner.

*Ludlow S. Fowler*, as administrator *c. t. a.*, etc., of Rose Fishel, deceased.

*Joseph L. Frieder*, for the respondents Alma Fishel and Hannah Feldstein.

*Joseph L. Frieder* and *Ludlow S. Fowler*, as administrators with the will annexed of Mark Fishel, deceased, and attorneys in person.

*Marshall & Wehle* [*Louis B. Wehle* and *Arthur McClement* of counsel], for the next of kin, respondents.

*Herman & Ernst*, for Samuel P. Tull, claimant.

*Stanchfield & Levy*, for Mildred Sherritt.

*Arnold Lichtig* and *Herbert A. Mossler*, for the Mount Pleasant Westchester Cemetery Corporation.

*William Imhoff*, for the respondents Brainard Avery, Jay E. Whiting and George O. Castell.

FOLEY, S. A construction of the will is sought in this trustee's accounting. Objections to the account have also been filed. The testator died in 1903 and by his will created a trust of all his residuary estate. The income from the trust is directed by the will to be paid to the widow during her life. Upon the death of the widow a further trust was provided for during the life of the testator's son Mark. The will provides that the trust is to terminate upon the death of the son Mark, and directs distribution of the remainder in the following language: "Upon his death after the death of my said wife to pay the principal thereof to the children of my said son, Mark, in equal shares, and in the event of his death without issue him surviving to pay the principal thereof to my next of kin." The testator was survived by his widow, his son and a daughter. The widow died on August 12, 1927. The daughter died on March 14, 1936. The testator's son, Mark Fishel, died without issue on April 9, 1936.

The question presented for determination is, whether the alternative gift of the remainder is to next of kin of the testator living at his death or at the termination of the trust.

The representatives of the estates of the deceased son and daughter contend that the gift is to the testator's next of kin determined as of the date of his death. They contend that the words " next of kin " should be interpreted in their ordinary sense to mean the persons who answered that description at the date of the testator's death. They cite numerous authorities to the effect that such is the ordinary meaning of the phrase. None of these authorities is in point here. In all of these cases there was either a primary gift of a remainder to the next of kin of the testator or the language of the will indicated an intention on the part of the testator to distribute the property as though he had died intestate.

The gift of the remainder to the next of kin in this estate is substitutional. The primary gift is to a class, the members of which are to be determined at the termination of the trust. It is only on the non-existence of the members of this class that the alternative gift to the next of kin is to take effect. The primary gift is clearly contingent. The secondary gift is likewise contingent. The testator has indicated an intention to postpone vesting until the termination of the trust. (*New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93.)

The case of *Salter* v. *Drowne* (205 N. Y. 204) was decided on facts almost exactly parallel to those presented here. There, as here, there was a gift to issue and in default of issue " to my next of kin." There, as here, there was a direction to " pay " the

remainder on the death of the last life tenant. The Court of Appeals held that the next of kin of the testatrix were to be determined on the termination of the trust. The language and reasoning of Judge CARDOZO in *New York Life Ins. & Trust Co.* v. *Winthrop (supra)* are likewise applicable to this estate although the facts of that case are slightly different. I hold, therefore, that the next of kin of the testator, determined as of the date of death of his son, Mark, are entitled to payment of the remainder. (*Salter* v. *Drowne, supra; New York Life Ins. & Trust Co.* v. *Winthrop, supra; Matter of Hook*, 158 Misc. 771; affd., 248 App. Div. 701; *Matter of Garrison*, 152 Misc. 67.)

The remaining issues raised in this proceeding are disposed of as follows: The claim of Samuel P. Tull has been withdrawn without prejudice to his right to proceed against the estate of the beneficiary Mark Fishel. Entirely aside from such withdrawal, the surrogate holds that the claim against the estate of the testator involved here is barred by the lapse of the six-year Statute of Limitations.

The claims of Brainard Avery, Jay E. Whiting and George O. Castell are dismissed.

The claims of Herbert E. Knight and Mildred Sherritt are dismissed.

The surrogate approves payment to the Mount Pleasant Westchester Cemetery Corporation of the sum of $3,500 for the perpetual care of the mausoleum of the decedent. As a condition of said payment, the cemetery corporation has withdrawn its claim for $174.68, with interest, for the prior maintenance of such mausoleum. No liability attaches to the trustee or to this estate in connection with the lot owned by the decedent in the Macpelah Cemetery. The claim in the sum of $220 for the care of said cemetery lot is disallowed. It is not a valid obligation of this estate.

Submit decree construing the will and settling the account accordingly.