In the Matter of the Estate of ENOCH R. WARE, Deceased.

Surrogate's Court, Westchester County, February 1, 1940.

 

*Lowe, Dougherty, Hart & Marcus,* for the First National Bank and Trust Company of Port Chester, as successor trustee, etc.

*William A. Davidson, Warner Pyne* and *John W. Davidson,* for Richmond A. Ware.

*Henry W. Parker,* for The Morris Plan Industrial Bank of New York.

MILLARD, S. In the petition for the judicial settlement of its account the trustee requested a construction of the will in order to determine the respective interests of the remaindermen of certain trusts. Objections to the account were filed by Richmond A. Ware, a remainderman. All objections, except the one pertaining to the question of construction, have since been withdrawn by stipulation.

The testator died in the year 1874. By his will he created a number of trusts, all of which have now been fully executed. The present trustees are now finally accounting in the three remaining trusts, namely:

(1) One for the life of Annie Madden, created under article " Sixth;"

(2) One for the life of decedent's daughter, Mary V. C. Ware, created under article " Seventh;" and

(3) A real estate trust created under article " Eighth " of the will.

Under article " Seventh " of his will the testator directed that the entire residue of his personal estate be divided into as many equal parts " as there shall be children of mine me surviving, or who shall have died before me, leaving issue me surviving." The income from one such part is directed to be paid to each surviving daughter during her lifetime and the remainder is disposed of in the following language: " Upon the death of such daughter to pay the principal of said equal part to her children living at the time of her death and to the issue then living of her children then dead, to be equally divided between them, such issue to stand in the place of his or her or their parent; and in case no such child, children or

issue shall be living at the time of the death of such my daughter, then to my next of kin under the laws of the State of New York." Provision was also made in this article for the deduction of a portion of the income during the life of decedent's sister, Harriet S. Page. Mary V. C. Ware, the last surviving beneficiary of the trusts created under articles " Seventh " and " Eighth " of the will, died without issue on November 24, 1938.

The will under consideration is a skillfully-drawn document. Resort to rules of construction is unnecessary when the intention may be ascertained from the language employed by the testator. Here, his obvious purpose was to postpone the vesting of the remainder of each trust until its termination. The gift over " to my next of kin under the laws of the State of New York " is substitutional, the class of beneficiaries to be ascertained upon the death of the primary beneficiary without issue or representatives of deceased issue. Clearly, therefore, the gift is contingent. (*New York Life Insurance & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Salter* v. *Drowne*, 205 id. 204; *Matter of Fishel*, 167 Misc. 145, 146.)

Thus far the parties to this proceeding are in accord. The principal litigated question is whether the remainder of these trusts is to be distributed *per stirpes* or *per capita*.

Edward J. Ware, a son of the testator, died in October, 1918, leaving surviving three children, William Barlow Ware, Edward R. Ware and Catherine Ware Robbins. The other son, William R. Ware, died on December 18, 1923, survived by one son, Richmond Ames Ware. These four grandchildren of the testator are the only persons interested in the trust funds now under consideration.

It is contended on behalf of Richmond Ames Ware that, since he is the sole representative of his father, William, he is entitled to one-half of the remainder, the remaining half to be divided among the three children of Edward. The trustees urge, however, that the remainder of these trusts should be distributed equally among the four grandchildren. The court concurs in the latter contention. (Dec. Est. Law, § 83.) In *New York Life Insurance & Trust Co.* v. *Winthrop* (*supra*) the court said (at p. 107): " We find no support in the decisions in New York for the rule that the next of kin who will take under a will are not the next of kin upon intestate succession. * * * The rule thus emerges that in the absence of clear tokens of a contrary intention, the statute is to be taken as the standard of division (*Allen* v. *Boardman*, 193 Mass. 284). The acceptance of this formula supplies a test of simple application."

Contrary to the contention of Richmond Ames Ware, I interpret this will as expressly pointing to the statute throughout as the guide

to be accepted in determining the beneficiaries and the proportion which each is to take.

Article " Eighth " of the will is construed as a mandatory direction to sell real property, which power continues in the present trustees for the purpose of distribution. The proceeds will be distributed in the manner aforesaid. The will is construed accordingly. Settle decree.