W. BURKE HARMON et al., as Surviving Executors under the Will of WILLIAM E. HARMON, Deceased, Plaintiffs, *v.* MARY H. NASON et al., Defendants.

Supreme Court, Special Term, New York County, July 15, 1943.

*A. Bertram Roth* for plaintiffs.

*William J. O'Shea,* guardian *ad litem* for Mary K. Harmon and others, infants, defendants.

*William Levin,* guardian *ad litem* for any unknown infants or incompetents who may be among defendants.

*Isaac Roth* for W. Burke Harmon and another, defendants.

*Richard S. Treacy,* Office of Alien Property Custodian, for Clifford B. Harmon, defendant.

COLLINS, J. Plaintiffs, the executors of William E. Harmon, a deceased donor trustee and the decedent's successor trustee under an *inter vivos* indenture of trust, have brought this action for judicial settlement of their accounts and for construction of certain provisions of the indenture.

*First,* plaintiffs seek a construction as to whether or not the trust created by the indenture is valid. The trust is valid. The purposes of the trust come clearly within the purview of subdivision 3 of section 96 of the Real Property Law, and do not violate the rule against the suspension of the power of

alienation. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48, 58; *Gilman* v. *Reddington*, 24 N. Y. 9.)

Plaintiffs' right to have a judicial settlement of their accounts is clear.

The next question of construction presented is whether in the event that donor's children shall have all died, without leaving issue, prior to the date of the termination of the trust, and the donor's wife, Catherine, shall not survive, the corpus of the trust is to be distributed among the heirs at law and next of kin of the donor, as existent at the date of his death, or to such persons as may constitute such class at the date of termination of the trust. The trust term has not expired, and, therefore, no present distribution is in order. However, the construction is requisite at this time in order to fix the necessary parties to this proceeding and their respective rights to file objections. Plaintiffs' right to have such construction at this stage has been recently determined in *Manufacturers Trust Co.* v. *Fitzpatrick* (36 N. Y. S. 2d 7).

The donor's intent must furnish the answer to the question. That intent may be learned from the language of the trust indenture and the circumstances surrounding its execution. (*Cammann* v. *Bailey*, 210 N. Y. 19.)

The trust indenture provides: " 6. The duration of this trust shall be limited upon the lives of Mary W. Harmon and Helen G. Harmon (my two youngest children now living), and upon the death of the survivor of them, said trustee shall divide all of the property, real and personal, then held by him under this trust, in equal shares among our said children then living and the issue of deceased children, such issue to take *per stirpes* and not *per capita*.

" 7. In case of the death of all of our children, leaving no issue, prior to the time set for the termination of this trust, the principal, capital and corpus thereof shall be transferred and conveyed and paid over to my said wife, Catherine F. Harmon, if living, *and if not living, then to my heirs at law and next of kin*." (Court's italics.)

At the time of the creation of the trust, the donor's heirs at law and next of kin were his wife and three children, the children (and their issue as their substitutes) being the life beneficiaries of the trust. Presumably, the donor contemplated that his children would survive him. Knowing that his children were both his life beneficiaries and included among his next of kin, it is most unlikely that the donor had his children in mind as the remaindermen of the trust estate in the contingencies described. (*Hadcox* v. *Cody*, 213 N. Y. 570.) This is particularly true because the trust terminates only

upon the death of two of the donor's children. The gift over to donor's heirs at law and next of kin is substitutional. (*Matter of Ware,* 173 Misc. 316.) Moreover, the indenture does not contain words of present gift but merely a direction that the fund " shall be transferred, conveyed and paid over." (*Salter* v. *Drowne,* 205 N. Y. 204, 216.) I therefore conclude that by the words " heirs at law and next of kin " the donor intended to describe those persons who should be his next of kin determined at the date of the termination of the trust.

Finally, plaintiffs ask that the court construe paragraph " 14 " of the indenture as limiting to the donor's children the right to file objections to the trustees' accounts. The special guardians appearing in this proceeding emphatically oppose this construction.

Paragraph " 14 " of the indenture provides: " The trustee hereunder shall render annual accounts of his trust to me while living, and after my death to my children. The approval in writing of any such account by the person or persons entitled to have the account rendered to them shall be binding upon me and all persons interested hereunder whether in being or not as to all transactions therein stated."

This paragraph differs substantially from the provision of the trust agreement construed in *Matter of Central Hanover Bank & Trust Co.* v. *Momand* (176 Misc. 183, affd. without opinion, 263 App. Div. 801, affd. 288 N. Y. 608). In the *Momand* case (176 Misc. 183, 184, *supra*), the indenture stated that no parties other than the life beneficiary should " have any right of accounting, claim, interest, damage or other cause against the trustee in respect of the trust and trust fund concerning any matter or thing which may arise * * *." Pursuant to this language the court concluded that the remaindermen had no right to require the trustee to account and therefore no right to file objections.

Paragraph " 14 " here under construction is not so comprehensive and contains no stated bar against the rights of remaindermen to require accountings or to file objections in the course of accounting proceedings.

What would happen in the event the " person or persons entitled to have an account rendered to them " approved such account " in writing " is not now before the court. Accordingly, the court is not warranted in determining such an academic situation. There is an essential difference between the right to file objections and a matter of defense of the accounting parties to objections filed. The language of paragraph " 14 " of the indenture may or may not furnish a defense to objections filed by others than the donor's children.

That, however, as already observed, is a matter for future determination. It is quite manifest in the present state of the proceedings that no objection is barred by any persons interested in the estate as life beneficiaries or remaindermen.

*Matter of Crane* (34 N. Y. S. 2d, 9, affd. 266 App. Div. 726) is not controlling. There the trustees conceded that the remaindermen had a legal standing to file objections at the commencement of the proceeding. After the filing of such objections the life beneficiary approved the trustees' accounts in writing and it was only then contended by trustees that such written approval barred hearing of the objections.

In summary:

(a) Plaintiffs are entitled to have their respective trust accounts judicially settled; and the accounts are directed to be filed;

(b) The trust created by the trust indenture under discussion is valid;

(c) In the event that the donor's heirs at law and next of kin shall be entitled to receive the trust remainder, the said heirs at law and next of kin shall be the donor's heirs at law and next of kin determined at the date of the termination of the trust; and donor's heirs at law and next of kin as thus defined are necessary and proper parties to this action for the judicial settlement of the trustees' respective accounts and upon all future accountings;

(d) All persons interested in the trust estate, whether as life beneficiaries or remaindermen, shall have the opportunity to examine the trustees' accounts as hereinafter filed, and any such party in interest may present any questions to the court that he deems proper by the usual procedure of objection; and

(e) It is not intended by this decision to determine the effect upon persons interested in the trust estate of written proof of approval of the trustees' accounts by the donor or his children, should such approval be hereafter presented to the court.

Settle judgment accordingly. No costs.