In the Matter of the Accounting of FRANKLIN NATIONAL BANK et al., Respondents, as Successor Trustees under the Will of DUDLEY G. GAUTIER, Deceased. DUDLEY G. BIRD et al., Appellants; ROBERT M. LEWIS et al., Respondents.— Separate appeals by Dudley G. Bird, individually, and by George Gunderson, as executor of the estate of Charles E. Gautier, Jr., from an order of the Surrogate's Court, Nassau County, construing the provisions of subdivision (b) of the ninth paragraph of the will of Dudley G. Gautier, deceased, insofar as said subdivision affects a trust set up for the benefit of appellant Dudley G. Bird. Order affirmed, with costs to all parties filing separate briefs, payable out of the estate. A reading of the entire will demonstrates an obvious intent on the part of the testator to treat the Bird and Witherbee branches of the family equally to the complete exclusoin of the Charles E. Gautier branch. To adopt the construction urged by appellants might defeat this purpose. It would also result in a partial intestacy and in a later, rather than an earlier, vesting of estates. Where, from a reading of the will in its entirety, the intent is clear, it is not necessary to resort to intricate and refined rules of construction, and it is likewise "quite unnecessary to discuss the decisions made in other cases." (*Matter of Pulis*, 220 N. Y. 196, 202.) Each will must be construed according to its own terms "and not according to the legal interpretation of clauses of other wills where the terms are equivocal or ambiguous" (*Matter of Merrill*, 208 App. Div. 649, 651, affd. 239 N. Y. 517; see, also, *Matter of Watson*, 262 N. Y. 284, 297–298; *Snyder* v. *Snyder*, 182 App. Div. 65). Bel-

dock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., and Murphy, J., dissent and vote to reverse the order and to remit the proceeding for further action not inconsistent herewith, with the following memorandum: In each of subdivisions (a) and (b) of the ninth paragraph of his will the testator created trusts of corpus comprising one half of the residuary. It is provided in subdivision (b) that on the deaths of life tenants Oliver, Claire, Dudley and Marie Louise (children of testator's sister Clara) the remainders of their respective equal shares "shall be paid to his or her children, if any, and in the event that the nephew or niece dies leaving no children the share shall be divided equally amongst his or her brothers and sisters surviving." It has been adjudged that the substitutional remainder is vested in those nieces and nephews who survived the testator. We conclude, instead, that they have to survive the life tenant in order to share. We find no difficulty in this case in ascertaining the testator's intent, as expressed in his will, nor do we find therein any obvious purpose to exclude his nephew, Charles E. Gautier, Jr., from participation in his estate, in the event that any of his other nephews, or his nieces named in paragraph ninth dies without children. The primary remainder on the death of each life tenant is to "children", a class determinable on the death of the life tenant. (*Matter of Baer*, 147 N. Y. 348, 353, 354; *Matter of Pulis*, 220 N. Y. 196, 204; *Matter of Buechner*, 226 N. Y. 440, 443.) Mindful of the possible failure of this class, the testator, in that event, substituted the "brothers and sisters surviving." He made no direct or present gift to such brothers and sisters; those who survived divided the remainder, necessarily as of the time it was determined that there were no members of the primary class. (*Matter of Baer, supra*, p. 354; *Matter of Crane*, 164 N. Y. 71, 76; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 102; *Matter of Bierhoff*, 271 App. Div. 743, 746.) As to the substitutional as well as the primary gift, the testator indicated an intention to postpone vesting until the termination of the trust. (*Salter* v. *Drowne*, 205 N. Y. 204; *New York Life Ins. & Trust Co.* v. *Winthrop, supra*; *Matter of Fishel*, 167 Misc. 145, affd. 256 App. Div. 915, motion for leave to appeal denied 280 N. Y. 851.) The testator shows in subdivision (a) that when he intended survivorship to relate to himself he said so. He makes gift of the corpus to his sister Annie if she "survives me" and then creates trusts of that corpus in the event that she shall not "survive me". The pattern of the trusts in subdivision (a) is the same as that in subdivision (b). The life tenants are the two children of his sister Annie. The substitutional gift in lieu of children is one of the two remainders and to the "nephew *or* niece surviving." (Emphasis supplied.) It is apparent from a reading of the plain and unambiguous language employed in subdivision (a) that the determination as to the disposition of the corpus of each trust therein provided for was to be made as of the time of the death of the life tenant, and not of the testator. It should not be held that a contrary intention is expressed by the use of similar language in subdivision (b). The language considered in *Mullarkey* v. *Sullivan* (136 N. Y. 227, 229, 231) is virtually identical with that here construed. On the death of each child the share was to be paid over to his or her descendants, if any, "and if any of my said children should die without leaving any descendant, then to pay over the capital of such child's share to his or her surviving brothers and sisters." In rejecting the contention that survivorship referred to the testator, it was stated: "In some cases the words are so construed, but not in a case like this. It is only in the case of an absolute devise or bequest to one and in case of his death to another than the words are given such a meaning, and the rule has no application to a case where the first devisee or legatee takes a life estate." (See, also, *Matter of Baer*, 147 N. Y. 348, 354, *supra*: *Lyons* v. *Ostrander*, 167 N. Y. 135, 140.)