HENRY K. POMROY, as Trustee under the Will of WARREN NEWCOMB, Deceased, Respondent, *v.* JOSEPH A. HINCKS et al., as Ancillary Executors of JOSEPHINE LOUISE NEWCOMB, Deceased, et al., Respondents, and ANNIE H. OWEN et al., Appellants.

WILL — FAILURE TO DISPOSE OF REMAINDER OF TRUST FUND. Where a testator, whose only heirs are his widow and daughter, creates a trust fund for the benefit of his wife, but makes no disposition of the remainder, he dies intestate as to such remainder and it passes to them as undisposed of property, and upon the death of the daughter without issue her interest passes to the widow. (Code Civ. Pro. § 2732, subd. 8.)

*Pomroy* v. *Hincks*, 74 App. Div. 298, affirmed.

(Argued November 29, 1904; decided December 16, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 18, 1902, which affirmed a judgment of Special Term construing the will of Warren Newcomb, deceased.

Warren Newcomb died August 28, 1866, leaving a widow and a daughter, an only child, him surviving. By the terms of his will he bequeathed to his wife an annual income of $10,000, and directed that sufficient of his estate be set aside and invested to produce that sum ; he also devised a certain sum in trust for his daughter, providing that in the event of her death without issue said devise should revert to his wife,

and directing that after making provision for the bequests named the residue of his estate should go to his wife absolutely, and in the event of her death prior to the daughter's decease then the amount set aside to provide for his wife's income and all the residue to revert to the daughter absolutely. The daughter died December 16, 1870, unmarried and without issue, leaving her mother surviving. The will not providing as to the disposition of the trust fund for the benefit of the wife in the event of the daughter predeceasing her mother, this action was brought by the trustee of that trust to obtain a direction of the court as to the ownership of the remainder of the said trust fund.

*Judson S. Landon, Carlisle J. Gleason* and *Bernard M. L. Ernst* for appellants. The title to the fund set aside under article 1 of the will vested in the heirs at law and the next of kin of the testator upon the failure of the contingency upon which depended the vesting of the remainder in the daughter. (*Matter of Allen*, 151 N. Y. 243 ; *Nathan v. Hendricks*, 87 Hun, 483 ; *Smith* v. *Edwards*, 88 N. Y. 92 ; *Delaney* v. *McCormack*, 88 N. Y. 174 ; *Goebel* v. *Wolf*, 113 N. Y. 412 ; *Warner* v. *Durant*, 76 N. Y. 136 ; *Vincent* v. *Newhouse*, 83 N. Y. 511 ; *Delafield* v. *Shipman*, 103 N. Y. 463 ; *Hobson* v. *Hale*, 95 N. Y. 588 ; *Matter of Watts*, 68 App. Div. 357, 360.)

*George F. Canfield* and *James McConnell* for respondents. In case of intestacy with respect to the remainder in a fund after the termination of a life interest, the *corpus* of the fund passes to the next of kin of the testator as of the time of his death, and does not pass to his next of kin as of the time when the life interest is terminated. (*Matter of Kane*, 2 Barb. Ch. 375 ; *Simonson* v. *Waller*, 9 App. Div. 503 ; *Tompkins* v. *Verplanck*, 10 App. Div. 572 ; *Brown* v. *Richter*, 25 App. Div. 239 ; *Matter of McLeod*, 32 Misc. Rep. 229 ; *Greenland* v. *Waddell*, 116 N. Y. 234 ; *Doane* v. *Trust Company*, 160 N. Y. 494 ; *Clark* v. *Cammann*, 160 N. Y. 315.) Therefore, even if the testator had died intestate as to the remainder interest in the fund set apart under article 1 of the will, the said

Josephine Louise Newcomb, his widow, would still have become entitled to the said remainder interest under the laws of this state relating to the distribution of intestates' estates. (Code Civ. Pro. § 2732, subds. 1, 8 ; 3 R. S. [Banks' 5th ed.] 183, 184; 3 R. S. [Banks' 6th ed.] 104, 105.)

BARTLETT, J.   While we agree with the learned Appellate Division in the construction of the will of the testator, Warren Newcomb, there is a fatal objection to the plaintiff's maintenance of the action which lies back of the construction of the will, and in reality renders a discussion of that question unnecessary.   " It is a settled principle of law that the legal rights of the heir or distributee, to the property of deceased persons, cannot be defeated except by a valid devise of such property to other persons.   *   *   *   It was not sufficient to deprive an heir-at-law or distributee of what comes to him by operation of law, as property not effectually disposed of by will, that the testator should have signified his intention by his will that his heir or distributee should not inherit any part of his estate." (*Haxtun* v. *Corse*, 2 Barb. Ch. 506, 521; *Chamberlain* v. *Taylor*, 105 N. Y. 185, 194; *Gallagher* v. *Crooks*, 132 N. Y. 338, 342; *Pickering* v. *Lord Stamford*, 3 Vesey, 492, 493 ; *Johnson* v. *Johnson*, 4 Beavan, 318; *Fitch* v. *Weber*, 6 Hare, 145; *Denn* v. *Gaskin*, Cowper, 657, 661.) Therefore, if the will made no disposition of the remainder in the trust fund for the benefit of the testator's widow, it follows that the testator died intestate as to such remainder ; that such interest passed as undisposed of property to his widow and to his daughter, and that on the death of the daughter, under subdivision 8 of section 2732 of the Code of Civil Procedure, her interest passed to her mother, the testator's widow.   Hence, under no circumstances could the appellants claim any right to his estate.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, MARTIN and VANN, JJ., concur; HAIGHT, J., absent.

Judgment affirmed.