---

## In re TRUMBLE'S WILL.

(Supreme Court, Appellate Division, Fourth Department. March 29, 1910.)

1. PERPETUITIES (§ 6*)—TESTAMENTARY TRUSTS—VALIDITY.

 A will directing the executor to convert the residue into money, deposit the same in a bank and pay monthly $40 to each of testator's sisters, living at his death, until the deposit and interest are paid, and providing that on the death of any sister before the fund has been paid, the executors shall pay to the heirs of such sister $40 monthly, etc., creates an independent trust for each sister independent of the provision for her heirs, so that the trust for the sisters is valid.

 [Ed. Note.—For other cases, see Perpetuities, Dec. Dig. § 6.*]

2. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION—TRUSTS.

 A will directing the executor to convert the residue into money and deposit the same, and pay monthly $40 to each of testator's sisters living at his death until the deposit and interest are paid, and providing that, on the death of any of the sisters before the fund is paid, the executors shall pay to her heirs $40 monthly, etc., creates a trust in favor of the heirs of any sister, which suspends the absolute power of alienation for more than two lives in being at the death of testator, and is void.

 [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–56; Dec. Dig. § 6.*]

3. TRUSTS (§ 52*)—INVALIDITY IN PART—EFFECT.

 Where an estate is vested under a will in a trustee on several independent trusts, one or more of which are valid and the others void, the latter will be rejected, and the estate of the trustee will be upheld to the extent necessary to enable him to execute the former.

 [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 72; Dec. Dig. § 52.*]

4. WILLS (§ 849*)—DISPOSITION OF INTESTATE PROPERTY.

 A provision in a will that any relative of testator not named in the will shall not under any circumstances have any part of testator's property does not affect the right of any heirs at law or next of kin in property not effectually disposed of by the will, and the undisposed of estate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must be distributed to those entitled thereto, as provided by law in case of intestacy.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 849.*]

McLennan, P. J., and Robson, J., dissenting.

## Appeal from Surrogate's Court, Oswego County.

Proceedings for the construction of the will of William E. Trumble, deceased. From the decree of the Surrogate's Court, adjudging the fourth and fifth clauses of the will void, the executors and the beneficiaries named in the will appeal. Modified and affirmed.

The controversy is over the construction and effect of the fourth and fifth clauses of the will of William E. Trumble, late of the city of Oswego, which are as follows:

"Fourth, I give and bequeath all the rest, residue and remainder of my estate, if any, to be paid out as set forth in this paragraph of this, my last will and testament, equally to such of my sisters, Amanda F. Parkhurst, Waty A. Hodgney, Rebecca J. Dalrymple, Fanny M. Tyler, and Mary B. Draper, as are living at the time of my death.

"I hereby direct my executor, hereinafter named, to convert my estate which has not been disposed of by this will, into money and deposit the same in banks or trustee companies paying interest on deposits, and to pay therefrom monthly to such of said sisters named in this paragraph of this will as are living at the time of my death the sum of forty dollars to each until such monies and interest are fully paid out to them.

"In case one or more of my sisters named in this paragraph of my will shall survive me, but shall die before said fund is fully paid out, then in that case from that time on, I direct my executor hereinafter named to pay to the heir or heirs of such sister, except the heir or heirs of my sister, Amanda F. Parkhurst, the monthly sum of forty dollars until said fund is fully paid out; it being my intention and direction that the said heir or heirs except the heir or heirs of Amanda F. Parkhurst, shall be substituted in the place of said sister and receive the said sister's payment of forty dollars per month, and said forty dollars per month shall be divided among the heir or heirs of such sister in the proportion prescribed by law for the division of personal property among heirs of a deceased person. And in that event to that end, I hereby give and bequeath to such heir or heirs the sum or sums which he or they shall be entitled to receive under this fourth paragraph of my last will and testament except the heir or heirs of Amanda F. Parkhurst as stated above.

"Fifth, I expressly declare that it is my intention in this my last will and testament, that any relative or relatives of mine not named in this last will and testament shall under no circumstances have any part of my estate unless that it may be that a relative or relatives may receive a part of my estate as provided in the fourth paragraph of this will as heir or heirs of one of the beneficiaries named in said paragraph."

The testator left as his only heirs at law and next of kin the six sisters named in the will, five nephews and a niece, children of a deceased sister, and another niece, a child of another deceased sister. There are 24 other relatives of the testator who might take a possible contingent interest in the testator's estate under the third subdivision of the fourth clause of the will. The only specific devise or bequest contained in the will is the sum not to exceed $50 for a headstone, and the two farms to the sister Emma A. Tyler for life, and after her death to her children in fee; with a further provision that, if the farms had been sold by him before his death, then his sister Emma A. Tyler should have an equal share in his estate with the other sisters mentioned in the fourth clause of the will as were living at the time of his death. The value of the property attempted to be disposed of by the fourth clause of the will is upwards of $30,000.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James S. Thorn, for appellant Trust & Deposit Company of Onondaga.

B. C. Turner, for appellants Hodgney and others.

Claude B. Alverson, for respondents Read and others.

Joseph T. McCaffrey, for respondent Lally.

KRUSE, J. The question presented by the clauses of the will in controversy is not over what disposition the testator intended to make of his property, but whether his intentions can be carried into effect without offending the statutes against perpetuities. It is very plain that what was uppermost in his mind was to provide for his sisters. He gave the life use of his two farms to his sister Emma, with remainder in fee to her children; and the other five sisters were provided for by the fourth clause in the will, and included his sister Emma, if he sold the farms. All the rest of his property was directed by the fourth clause to be converted into money and deposited in banks and trust companies paying interest on deposits; and, in substance, he directed that $40 be paid monthly to each sister during her life, and upon her death the like monthly payment to her heirs, except the heirs of his sister Amanda. If the fourth clause of the will creates but a single, indivisible trust, it is clearly in contravention of the statute against perpetuities, and invalid, since it suspends the absolute power of alienation of the trust property for more than two lives in being at the death of the testator. I do not see how the provision in favor of the heirs of the sisters can be upheld in any view of the case. But it does not necessarily follow that the provision for the sisters is illegal also. The fund is not a common fund in which the sisters have a joint interest, so that in the case of the death of one or more the surviving sisters are entitled to use what is left of the fund to make the monthly payment of $40 to each of the survivors; but it is provided that the heirs of the one so dying (except Amanda's heirs) are to be substituted in her place and to receive her monthly payment of $40. I think that, although the moneys may be kept together in one fund, there is an independent trust created for each of the sisters, and that the illegal provision in favor of the heirs of the sisters may be disregarded. The trust in favor of each sister is entirely independent of the provision for her heirs, and does not depend upon the validity of the disposition made of what remains of the fund after her death.

The rule is tersely stated in the headnote to the case of Van Schuyler v. Mulford et al., 59 N. Y. 426, as follows:

"Where an estate is vested under a will in a trustee upon several independent trusts, one or more of which are valid and the others void, the latter will be rejected, and the estate of the trustee will be upheld to the extent necessary to enable him to execute the former."

This rule in principle has been applied in many cases. It is sufficient to call attention to only a few of them. Kennedy v. Hoy, 105 N. Y. 134, 11 N. E. 390; Underwood v. Curtis et al., 127 N. Y. 523, 28 N. E. 585; Hascall v. King, 162 N. Y. 134, 152, 56 N. E. 515, 76 Am.

St. Rep. 302; Robb v. Washington & Jefferson College, 103 App. Div.
327, 355, 93 N. Y. Supp. 92; Id., 185 N. Y. 485, 495, 78 N. E. 359.
The primary object of the trust was to provide for the sisters, and I
think under the rules to which I have adverted the provision in their
favor should be sustained.

As regards the fifth clause of the will, I think the learned surrogate
correctly decided that that provision did not affect the right of any of
the heirs at law or next of kin of the testator in respect of property not
effectually disposed of by the will. What remains of the trust funds
after the death of the sister beneficiaries should be distributed as un-
bequeathed assets. The rule in such case is quoted and reaffirmed in
Pomroy v. Hincks, 180 N. Y. 73, 75, 72 N. E. 628, 629, as follows:

"It is a settled principle of law that the legal rights of the heir or dis-
tributee to the property of deceased persons cannot be defeated except by a
valid devise of such property to other persons. * * * It was not sufficient
to deprive an heir at law or distributee of what comes to him by operation of
law, as property not effectually disposed of by will, that the testator should
have signified his intention by his will that his heir or distributee should not
inherit any part of his estate."

It follows that the decree of the surrogate should be modified by ad-
judging that the provisions for the sisters contained in the fourth
clause of the will is valid; that an independent trust is created thereby,
as therein provided, for the benefit of each sister; that the provision
therein contained for the heir or heirs of any sister therein named is
illegal and void; and that the property embraced therein remaining
after the death of any such sister is not disposed of by said will, and
passes and should be distributed to the persons entitled thereto, as pro-
vided by law in case of intestacy; and, as so modified, the decree
should be affirmed, with costs to each of the parties or set of parties
appearing by separate attorneys, payable out of the estate. All concur,
except McLENNAN, P. J., and ROBSON, J., who dissent.

McLENNAN, P. J. (dissenting). The material facts, which are not
in dispute, are stated with sufficient detail in the opinion of Brother
KRUSE. As therein suggested, the important question to be deter-
mined upon this appeal is: Did the testator by the fourth paragraph of
his will create a single trust or five independent trusts; it being con-
ceded that, if only one trust was created, all the provisions of such
fourth paragraph are void, and that the testator died intestate as to
all the property sought to be disposed of under such paragraph?

The first clause of such fourth paragraph is as follows:

"Fourth, I give and bequeath all the rest, residue and remainder of my
estate, if any, to be paid out as set forth in this paragraph of this, my last
will and testament, equally to such of my sisters, Amanda F. Parkhurst,
Waty A. Hodgney, Rebecca J. Dalrymple, Fanny M. Tyler, and Mary B.
Draper as are living at the time of my death.

"I hereby direct my executor, hereinafter named, to convert my estate
which has not been disposed of by this will, into money and deposit the same
in banks or trust companies paying interest on deposits, and to pay there-
from monthly to such of said sisters named in this paragraph of this will as
are living at the time of my death the sum of forty dollars to each until
such monies and interest are fully paid out to them."

In the next clause of such fourth paragraph it is provided as follows:

"In case one or more of my sisters named in this paragraph of my will shall survive me, but shall die before said fund is fully paid out, then in that case from that time on, I direct my executor hereinafter named to pay to the heir or heirs of such sister, except the heir or heirs of my sister, Amanda F. Parkhurst, the monthly sum of forty dollars until said fund is fully paid out; it being my intention and direction that the said heir or heirs, except the heir or heirs of Amanda F. Parkhurst, shall be substituted in the place of said sister and receive the said sister's payment of forty dollars per month, and said forty dollars per month shall be divided among the heir or heirs of such sister in the proportion prescribed by law for the division of personal property among the heirs of a deceased person. And in that event to that end, I hereby give and bequeath to such heir or heirs the sum or sums which he or they will be entitled to receive under this fourth paragraph of my last will and testament except the heir or heirs of Amanda F. Parkhurst as stated above."

There can be no doubt—indeed, it is conceded—that the testator's residuary estate was bequeathed to his executor to be disposed of in the manner above directed. Was such directed disposition void because it prevented the distribution of the corpus of the trust fund or residuary estate for more than two lives in being and in violation of the statutes relating to perpetuities? Concededly, if force and effect is to be given to all the provisions of paragraph 4, it is void, because clearly it provides that such $40 per month made up of income and principal shall be paid to each of the testator's sisters during their natural lives, and, in case one of such sisters dies leaving issue, such amount shall be paid to such issue, share and share alike. So that it is apparent that, if force and effect be given to all the provisions of such paragraph 4, the trustee might be required to retain the corpus of the trust at least until the youngest child of the sister last deceased had reached its majority, which, of course, would be in violation of the statutes against perpetuities.

It is urged that the last clauses or provisions of paragraph 4 may be disregarded, and that it may be held that the will is susceptible of the interpretation that the testator intended that his residuary estate should be divided into as many trust estates as he had sisters living at the time of his death, and that the $40 per month specified should be paid to each during their lives, respectively, and that upon the death of each or any of them the amount of her share not received by or paid to her during her lifetime may be regarded as unbequeathed assets, to be distributed to the heirs and next of kin of the testator the same as if no will had been made by him. Of course, it is well settled by authority that the intention of a testator should have a very material bearing in determining the validity of any provision of his will. It, however, is equally well settled that such testator, no matter what his intention, cannot make a will in conflict with the laws of the state. But as to the intention of the testator in this case: Did he not intend that, in case of the death of one of his five sisters who survived him, her children, if any, should receive one-fifth of the trust estate, less what she had received or been paid during her lifetime? I think there is no warrant for any other assumption as to his intention because such is his expressed declaration. He said, in substance, to his executor:

Pay to each one of my sisters who may survive me $40 per month during her lifetime or until such time as the principal and interest of such trust fund is exhausted, and, in case one of my sisters shall die before said estate is exhausted leaving issue her surviving, pay to them such forty dollars per month share and share alike. It seems to me that the result of the decision of a majority of the court as outlined in the prevailing opinion is to construe the will in question in such manner as to thwart the express intention of the testator in respect to the disposition of his property. I fail to find in the will any warrant for the proposition that the testator intended that in case either or any of his sisters died before their interest in the trust estate was exhausted such interest should be regarded as the unbequeathed property of the testator. Unless there was such intention of the testator and it can be sustained under the provisions of the statute, the disposition which he sought to make of his property under paragraph 4 of his will is void.

As was said by Judge Martin in Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146:

"The intent to be discovered is not whether he intended to make a valid disposition of his estate, but what provisions he in fact intended to make. When that is found, it is for the court to determine whether such intended provisions are valid, or otherwise."

"The duty of the court," as the learned judge further and appositely remarked, "is not to make a new will, to carry out some supposed, but undisclosed, purpose. * * * The duty of the court is to interpret, not to construct."

The appellant is in effect asking this court to make a new will for the testator and one entirely different from what he intended as expressed in the will which he purported to make. As before said, he gave his residuary estate to his executor as trustee to be paid out to his five sisters who survived him at the rate of $40 per month to each, and that, upon the death of either, such executor or trustee should continue to pay such $40 per month to the children of such deceased sister, share and share alike. There is no suggestion in the will of an intention on the part of the testator that in case of the death of one of such sisters, although leaving issue, the balance of her interest in such estate should go to the heirs of the testator as unbequeathed assets. All the provisions of the will relating to this question are included in one paragraph and each is dependent upon the other. It is impossible, as it seems to me, to construe one independent of the other.

If, as suggested in the opinion of Brother KRUSE, the interest of any sister remaining after her death was not bequeathed or disposed of by such will, I consider that it would go into the residuary estate, provided the provision creating such residuary estate was valid, and therefore precisely the same difficulty would be presented. I understand the law to be that "a residuary gift of personal estate carries, not only everything not in terms disposed of, but everything that in the event turns out to be not well disposed of. A presumption arises for the residuary legatee against every one except the particular legatee; for a testator is supposed to give his personalty away from the former only for the sake of the latter. It has been said that to take a bequest of the residue

out of the general rule, very special words are required, and accordingly a residuary bequest of property 'not specifically given,' following various specific and general legacies, will include lapsed specific legacies." Jarman on Wills, p. 762.

I conclude that the disposition sought to be made of the testator's property under paragraph 4 of his will is void, and that all of such property passed to his heirs and next of kin as unbequeathed assets, and therefore that the decree appealed from should be affirmed, with costs.

ROBSON, J., concurs.