In the Matter of the Will of ELLEN L. PENROSE, Deceased.

Surrogate's Court, New York County, March 29, 1944.

H. H. Nordlinger and Jacob I. Charney for Chase National Bank of the City of New York, petitioner.

Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee of counsel), for Ida Dahm, deceased, residuary legatee, respondent.

Joseph A. Cox for James F. Egan, Public Administrator of the County of New York, as administrator of the estate of Christian Dahm, deceased, respondent.

Bernard Cowen, amicus curiæ.

DELEHANTY, S. Deceased's will in paragraph first has ten dispositive provisions of which the last is a residuary clause. This clause provides: " (j) To my deceased husband's nieces and nephews: Ida Dahm, Ulla Dahm, Else Dahm, Gyda Dahm, Anneken Pettersen, Christian Dahm and Arvid Dahm, I bequeath all the remainder of my estate of whatsoever kind and wheresoever situated." The will then continues: " Second: So far as I know, I have no blood relatives living; however, if there should be any distant relatives, I direct that they are to have no part of my estate."

The death of Ida Dahm before that of deceased presents the problem now submitted for solution. The residuary estate would have passed to seven named individuals in equal shares had all of them survived deceased. The question is whether the six named beneficiaries, who in fact survived deceased, are

entitled to take each one sixth or are limited to one seventh each with the remaining one seventh of the residuary passing in intestacy. If the seventh share passes in intestacy, it must pass to the distributees of deceased. The argument is that article second of the will quoted above forbids that result. The argument proceeds that since that result is forbidden, the necessary construction of paragraph (j) of article first of the will is that it makes a gift to a class and that the survivors take the whole residuary.

It has long been settled law that mere declarations of disinheritance in a will are insufficient to bar a right of succession to intestate property. The cases say that to cut off intestate rights there must be found in the will a valid bequest to other persons of the property which otherwise would be intestate property. In *Matter of Trumble* (199 N. Y. 454) the court had for construction a will which contained this text: " I expressly declare that it is my intention in this my last will and testament, that any relative or relatives of mine not named in this last will and testament shall under no circumstances have any part of my estate * * *." In ruling on the point here pertinent the court held that the residue passed to the next of kin of the testator, attempted to be excluded, and that it could not be taken exclusively by the beneficiaries named in the will. The case quoted text from the earlier case of *Pomroy* v. *Hincks* (180 N. Y. 73, 75) to the effect that only a valid gift over would defeat the rights of an heir or a distributee. A similar ruling was made in *Gallagher et al.* v. *Crooks et al.* (132 N. Y. 338). *Matter of Kimberly* (150 N. Y. 90) and *Matter of Russell* (168 N. Y. 169) make it clear that the gift in this will to the nominated residuary legatees is a gift to them as tenants in common and not a gift to them as a class.

The rule of law that failure of a residuary gift produces an intestacy (*Wright* v. *Wright*, 225 N. Y. 329, 349), is here applicable. Deceased did not effectively provide for the actual situation existent at her death.

It follows from the foregoing that the share of Ida Dahm is not distributable to the other six persons mentioned in paragraph (j) of article first of the will, but passes as intestate property to deceased's distributees.

The personal claim of the executor is allowed to the extent of $52.12. The sum of $500 may be reserved by the executor to cover the cost of storing and shipping the specifically devised property.

Submit, on notice, decree construing the will and settling the account accordingly.