Samuel M. Gold, J.
The question presented by this construction proceeding is whether the settlor intended that his heirs be determined as of the time of his death or of the termination of the trusts.
The deeds were made on June 18,1920 and February 16,1928. The settlor died July 7, 1937. The trusts have not yet terminated. The settlor was survived by a son and by no other child or children of a deceased child. His wife and son have died. The executors of the estate of the deceased son contend that the deeds indicate an intention that the heirs are to be determined as of the time of the settlor’s death and distribution accordingly will be made upon the termination of the trusts to the estate of the deceased son. The special guardian contends that the deeds evidence an intent that the heirs of the settlor are to be determined as of the time of the termination of the trusts.
The language of each trust deed, with slight but immaterial differences, is to the effect that upon the death of the survivor of two named persons the principal, together with any accumulations of income, was to be paid over and distributed to the settlor, or in the event that he shall not be living at such time then the principal and accumulated income shall be divided and paid over between the heirs of the settlor in accordance with the New York Statute of Distributions in force at the time of the settlor’s death, to be divided equally between said heirs, share and share alike, per stirpes and not per capita. The general rule is that a class described by the settlor as his heirs to whom a remainder interest is given by deed is to be ascertained as of the time of the death of the settlor. That rule must give way to any clear direction to the contrary as expressed in the deed. It is true also that a gift to heirs must be interpreted primarily in its natural sense as a gift to those who are heirs at the death of the settlor. To accomplish that result it would have been enough if the settlor had expressed the intent merely that heirs were to be determined by the Statute of Distributions in force in the State of New York. By adding the words “ in force at the time of his decease ” the settlor evidenced an intent as to the particular statute to be applied, but a statute in force at the time different from the time intended for vesting. Otherwise those words are surplusage and in the light of the entire instrument those words may not be deemed to have been futilely used. There are the additional factors that the settlor had *215 but one child, directed upon his predecease a division and payment over to the heirs per stirpes and in the absence of any words of present gift, all these factors indicate an intent that payment be made per stirpes to those who at the time of termination of the trusts would answer the description of heirs in accordance with the Statute of Distributions in force at the time of settlor’s death. While determination of the heirs was thus left to termination of the trusts, the settlor did not wish to anticipate the description of this class as it may be found in the statute at that time. It is additionally significant that eight years elapsed between the two deeds and substantially the same language was employed benefiting heirs per stirpes. While the deeds are quite simple, yet the indicia of intent referred to clearly evince an intent to benefit heirs per stirpes at the time of termination rather than at death of the settlor. Accordingly this is a proper case for the application of the divide and distribute rule in favor of the future survivors. The contentions of the special guardian are sustained and the application is disposed of accordingly.
Settle order.