W. Newcomb Calter, S.
The decedent died on April 13, 1921, leaving a will dated January 7, 1916, which was duly admitted to probate by this court on April 28, 1921. In connection with this final accounting, the substituted trustees of the trust in question request a construction of that portion of the decedent’s will under which this trust was created. Article Fourth of the will divided the residuary estate of the testator into a number of shares, exceeding by one the number of children surviving him. One of such shares was to be held in trust for the decedent’s son, Frank Joseph Thibaut. He died on April 7, 1956, and it is the trust created for his benefit which is the subject of this proceeding.
The will permitted the trustees, in their discretion, to pay over the whole or part of the corpus to the life beneficiary upon or after his reaching the age of 30, or to continue the trust. No part of the corpus was paid to the life beneficiary during his lifetime.
The will further provided, as follows: ‘ Upon the death of any such child the principal or corpus of the estate so held in trust for his or her benefit shall be transferred in the manner directed by his or her will, but in the event of such child leaving no will I direct that the same shall be divided among his or her issue, share and share alike, and in the event of such child dying intestate and leaving no issue, I direct that the corpus or principal of such trust estate shall be divided among my heirs as the same may be under the laws of the State of New York, free from any trust of any nature or kind whatsoever ; should any of my children predecease me, leaving issue, it is my intention that such issue shall take the share that such child so dying would have received or would have held in trust for him or her under the provisions hereof, free and discharged of any trust of any nature or kind.”
Frank Joseph Thibaut died intestate and without issue. Consequently, under the terms of the will, the corpus of this trust must now be divided among the heirs of the testator. The question presented to the court is whether these heirs are to be determined as of the date of the death of the testator, April 13, 1921, or as of the date of the death of the life beneficiary, Frank Joseph Thibaut, April 7, 1956.
The testator was survived by his widow, since deceased, who would not be an heir of the testator (Matter of Waring, 275 N. Y. 6). He was also survived by five children, three of whom are still alive. One of his children, Magdalen T. Bartlett, died on November 11, 1951, survived by her husband, Edward R. Bartlett, and two sons, Edward R, Bartlett, Jr, *378 and David M. Bartlett. The only other child of the testator is Frank Joseph Thibaut, whose death has made this construction proceeding necessary.
If the testator’s heirs are determined as of the date of his death, the corpus of the trust in question would be distributed as follows: one fifth to each of the three children still living-, and one fifth to the estate of each of his deceased children, Magdalen T; Bartlett and Frank Joseph Thibaut, the life beneficiary of the trust in question. If his heirs are determined as of the date of the death of' Frank Joseph Thibaut, the corpus of this trust would be distributed as follows: one fourth to each of the three living children of the testator, and one eighth to each of the sons of Magdalen T. Bartlett.
Extensive briefs- and persuasive arguments, have, been presented in support of each of these positions. After careful consideration of all of them, I am constrained to adopt the second alternative.
No citation of authority is required to support the propositions that no two wills are alike, that precedents- are of' little value in construing any particular will, and that if the intent of the testator can be determined by examination of' the provisions of the will, that intent must be given effect and will prevail over any rules of construction.
It is also well settled that, unless a contrary intention appears-, the class of remaindermen described by a testator as his heirs is to be determined as of the date of' his death. Examination of the language in question indicates that this testator did express such a contrary intention.
The language used, throughout the will constantly looks to the future. There are no words of present gift to any of the various remaindermen. The heirs of the testator take only if the trustees do not distribute the corpus to the life beneficiary, if the power of appointment is not exercised, and if the life beneficiary dies intestate and without issue. None of these possibilities could be determined until the death of the life beneficiary. The remainders are substitutional and indicate that survivorship to the date of distribution was intended (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93; Salter v. Drowne, 205 N. Y. 204; Matter of Baer, 147 N. Y. 348; Delaney v. McCormack, 88 N. Y. 174).
The distribution is not to named persons, but among a class, and must be confined to those who come within the class at the time of distribution (Matter of Dietz, 42 N. Y. S. 2d 708, affd. 266 App. Div. 755).
*379 If the heirs are determined as of the date of the testator’s death, the deceased life beneficiary becomes an heir, and his estate becomes entitled to one fifth of the corpus of the trust created for his benefit. This does not seem to be what the testator intended (Matter of Smith, 141 Misc, 651; see, also, Matter of Bump, 234 N. Y. 60).
The respondents who urge that construction rely chiefly upon Matter of Bump (supra) and Matter of White (213 App. Div 82). In both of those cases there were words of present gift involved, which are absent here. The Bump case seems to turn upon a finding that there were no words which would take the case out of the general rule. They also cite United States Trust Co. v. Taylor (193 App. Div. 153, affd. 232 N. Y. 609) in which the court found that the testator had used language in a specific sense in certain parts of his will, which required that the words be given the same meaning throughout the document. Such is not the case here.
It has been urged that the unlimited power of appointment given to the life beneficiary supports the contention that the heirs of the testator are to be determined as of the date of his death, since the power might have been exercised in favor of strangers to the blood of the testator. The presence or absence of a power of appointment may sometimes be helpful in determining such a problem as is here presented, but in the will under construction, the power, though unlimited, is followed by a remainder, in default of the exercise of the power, to the issue of the life beneficiary. This indicates that the testator was thinking of the exercise of the power at a time when the life beneficiary would have issue. This weakens the argument based upon the existence of the power of appointment.
Finally, the language in question says “ and in the .event of such child dying intestate and leaving no issue, I direct that the corpus or principal of such trust estate shall be divided among my heirs as the same may be under the laws of the State of New York If the testator wanted this corpus distributed to those who were his heirs at the time of his death, this part of the will could have been omitted entirely, and the corpus would have been so distributed by operation of law. There must have been some thought in the min'd of the testator when he included this provisión-, and it seems to be evidenced by his use of the words ‘ as they may be ’ ’. This addition to the words “ my heirs ” must be given some meaning, and the logical interpretation seems to be that he was saying, in effect, my heirs as they may be after the death of my son. As *380 Judge Vaughan said in Matter of Sayre (1 A D 2d 475, 481, affd. 2 N Y 2d 929) holding that the heirs are to be determined as of the date of death of the life beneficiary ‘ breathes meaning into the clause creating the remainder to heirs, rather than treating it simply as a pointless direction that the law take its course.”
The language under consideration is, therefore, construed to mean that the heirs of the testator are to be determined as of the date of death of Frank Joseph Thibaut. Accordingly, distribution of the corpus of this trust should be made as follows: one fourth to Anna T. Adrian, one fourth to Natalie J. Thibaut, one fourth to Richard E, Thibaut, one eighth to Edward R. Bartlett, Jr., and one eighth to David M. Bartlett.
Submit decree accordingly.