Samuel H. Hofstadter, J.
In this proceeding for the settlement of the account of the trustee under a trust agreement, as amended, the court is requested to determine how the principal is to be distributed upon the termination of the trust. The trust was created on December 22, 1927 pursuant to an agreement made by the donor, Parmely W. Herrick, the income beneficiary and the trustee, and was thereafter amended from time to time by further agreements; the amendments do not affect the question presented.
The original trust agreement did not provide for the disposition of the principal on the termination of the trust. Simultaneously with its execution, however, the donor delivered a letter to the trustee in which the trustee was directed upon the termination of the trust: “ to return the principal of the trust fund therein described, together with any undistributed income, to me, or, if I be not then living, to such person or persons as would under the intestacy laws of the State of New York be entitled to personal property comprised in my estate.” This direction was confirmed in one of the later amendatory agreements entered into after the donor’s death by the executors of his will.
The life beneficiary is still alive and the trust has not yet keen terminated. Nevertheless, the parties request a determination now how the principal is to be distributed when the trust comes to an end. The request for such present construction is occasioned by the following circumstances: The donor died on July 7, 1937, survived by his son, Parmely W. Herrick, Jr. and his widow, Agnes B. Herrick, and by no other child or issue of a deceased child. The widow died on December 26, 1956 and the son died on March 12, 1957. The legal representatives are unable to determine the liability of the estate of the son or the estate of the widow for New York and Federal estate taxes without a determination of the question whether the principal of the trust here dealt with vested on the death of the donor in the persons who were then his distributees, namely, his son and *940 Ms widow, or whether it will be distributable to those persons who would be his distributees at the termination of the trust. If the former construction is adopted, the principal of the trust will ultimately pass to the estates of the son and the widow, both now deceased; if the latter, then the ultimate recipients are still unknown. Since all parties in interest are before the court and there is a genuine need for construction now, the question will be determined although the principal of the trust is not yet distributable. (See Matter of Lederer, 4 A D 2d 623, 625.)
The question to be decided is the perennial one whether the remainder is vested or contingent, and the parties are in disagreement on its solution. The executors of the wills of the son and of the widow argue that the remainder vested on the donor’s death in the persons who then constituted his distributees and that accordingly the principal will, upon termination of the trust, be payable, two thirds to the estate of Parmely W. Herrick, Jr. and one third to the estate of Agnes B. Herrick. For this construction they invoke the familiar rule that a gift to the heirs of a testator or settlor generally vests in those who are his heirs on the date of his death (Matter of Bump, 234 N. Y. 60; Smith v. Allen, 161 N. Y. 478; Matter of White, 213 App. Div. 82).
The special guardian for the donor’s two infant grandchildren, the children of Parmely W. Herrick, Jr., contends, to the contrary, that the remainder is contingent and that the ultimate takers of the principal must be ascertained as of the date of the termination of the trust. He, too, relies on established principles of construction: when final distribution is to be made to a class and there are no words of direct and immediate gift, the members of the class at the time of distribution are entitled to take (Matter of Baer, 147 N. Y. 348). A direction to divide or pay at a future time implies futurity and makes the remainder contingent (Matter of Crane, 164 N. Y. 71, 76; Clark v. Cammann, 160 N. Y. 315).
The trustee regards itself as a mere stakeholder at tMs time and hence takes no position.
It is, of course, axiomatic that the rules of construction laid down by the courts are mere aids in the search for the intent of the testator or, as here, the donor, and if that intent is plain, no rule of construction is permitted to override it. Difficulty arises when the intent is not clearly revealed. As already noted, the direction for distribution of the principal is given in the donor’s letter. Unfortunately, neither the original trust agreement nor the later amendments illumine the donor’s thought in *941 any way and Ms purpose must be gleaned entirely from the quoted language of the letter. The task is to reconstruct from the words used by the donor, his frame of mind when he signed the letter.
Of necessity, the donor looked to the future. His language expresses concern for what was to happen upon the termination of the trust. In the first instance the principal was to be returned to him; only if he was not “then ” living — that is, at the termination of the trust — was the principal to go to “ such person or persons as would under the intestacy laws of the State of New York be entitled to personal property comprised in my estate.” Fairly read, this last phrase relates back to the words immediately preceding:1 ‘ then living ’ ’. So read, the concluding phrase designates the persons who would on the termination of the trust be entitled to the donor’s estate under the intestacy laws. The language used readily lends itself to this interpretation (Matter of Sayre, 1 A D 2d 475, affd. 2 N Y 2d 929; Matter of Thibaut, 6 Misc 2d 376).
Under this interpretation, living human beings rather than the estates of those who have passed from the scene will receive the principal at the end of the trust. If construction is to voice the real intent of the donor, one under which living persons benefit from his generosity is certainly to be preferred. Recognition of the truth that rarely will a donor consciously select the estate of a decedent as the object of his bounty, may doubtless often require a determination that a remainder is contingent. If tMs result runs counter to the rule which favors vesting, it at least seems to come nearer to giving effect to the true intent of donors.
I find support for my ruling in a very recent decision of my colleague, Justice G-old, holding language similar to that found here to create contingent remainders of two trusts established by Parmely W. Herrick, the donor of the trust here considered. Though the language is not the same and there were other life beneficiaries, the cases are sufficiently alike to make desirable the same determination in both (Matter of Herrick, 10 Misc 2d 213).
Accordingly, I rule that the remainder is contingent and that on the termination of the trust the principal will be distributable to those persons who would have been the intestate distributees of the donor had he survived such termination and died immediately thereafter. The account is approved as filed.
Settle order.