Edgar J. Nathan, Jr., J.
This is a proceeding for the settlement of the account of a trustee. The trust having terminated,
*426 the court is called upon to construe the trust instrument and to determine who is entitled to the distribution of the remaining principal.
By this agreement, dated December 12, 1919, the settlor, Josephine Brooks, established a trust for her son, Reginald Brooks, for his life. Upon his death the principal was to be divided into two equal parts, each to continue in further trust for the lives of each of Reginald’s two sons, David Brooks and Reginald Langhorne Brooks. The secondary trust for the life of David Brooks reads as follows: “ during his natural life and upon his death to divide the principal of said share among, and pay and transfer the same to the then surviving issue of said David Brooks per stirpes, and in default of such issue then to his brother Reginald Langhorne Brooks or, if dead to his issue per stirpes, and if the said Reginald Langhorne Brooks shall be dead without issue then surviving, then to the issue of the party of the first part per stirpes.”
The instrument also went on to provide for an identical secondary trust for Reginald Langhorne, with a cross remainder over to David or to his issue, and if he died without issue, then to the issue of the settlor, per stirpes.
The settlor did not provide for the possibility that the first life estate would outlive both of the secondary life estates and, as often happens, this event has now come to pass. The settlor died in 1920, to be followed successively by both secondary life tenants, David in 1936 without issue and Reginald Langhorne in 1940 without issue. Thereafter the trust terminated upon the death of the primary life tenant in 1957, survived only by his sisters Gladys B. Thayer and Josephine W. Hare, both children of the settlor.
The court is faced with three possible methods of distribution, all of which find some support in well-recognized rules of construction. Gladys B. Thayer and Josephine W. Hare, sole surviving issue of the settlor, contend that the principal should be distributed equally between them, as they are the only surviving ‘ ‘ issue of the party of the first part ’ ’. They argue that the settlor anticipated that David and Reginald Langhorne would survive their father, the primary life tenant, and that the time of distribution would therefore be at the death of each, when the trust terminated. There is no reason to disturb the settlor’s plan in this respect simply because events did not turn out as anticipated. Consistent with this construction, they invoke the familiar rule that a gift in the form of a direction to divide and pay over to persons “ then surviving ” *427 implies futurity and requires survival to the date of distribution (Matter of Bostwick, 236 N. Y. 242).
The executrix of the estate of Reginald Langhorne Brooks claims that upon the death of David without issue, she is entitled to the remainder of that half of the trust. The estate is so entitled since Reginald Langhorne’s remainder ripened into a vested remainder when he survived his brother. She, too, relies on a rule of construction highly favored by the courts of late, i.e., the principle that the law favors early vesting of estates (Matter of Krooss, 302 N. Y. 424).
The third contention is that of the executors of the estate of Reginald Brooks, the primary life beneficiary. They claim, upon Reginald Brooks having survived both of his sons, that his estate then had a vested remainder in one third of the principal at the termination of the trust. This theory is also supported by the rule favoring early vesting, as well as the further ground that there is no express provision in the trust instrument requiring survivorship on the final gift over.
It is always difficult to interpret an instrument in the light of circumstances unforeseen by its draftsman. The settlor’s intent, however, must prevail if it can be ascertained. The determining factor in this trust instrument cannot be overlooked, namely, the settlor’s intention that the principal should pass solely to members of her family by blood. The alternative directions of gifts over after the intermediate estates and the final gift over to the settlor’s issue, per stirpes, require such an interpretation. "While it is entirely possible that a one-half interest in principal could have vested absolutely in one of the sons, the settlor intended to benefit only living members of her family and required survival to the termination of the two life estates. The court believes this to be the real intent of the settlor and, as a rule of construction alone, it finds support in the authorities (Matter of Herrick, 9 Misc 2d 938).
Furthermore, the settlor did not use words of direct gift but directed that upon the death of each of. the secondary life tenants, the trustee was to “ divide * * * and pay and transfer ” the principal to persons “ then surviving”. These particular words may have lost much of their importance as a factor in determining the intention of donors (see Matter of Sweazey, 2 A D 2d 292). Whatever significance the “ divide and pay over ’ ’ rule now has in the law, it tends to support rather than to contradict the settlor’s intent that the principal should pass solely to living members of her family by blood.
There is no expression of the settlor that she intended the property to vest in Reginald Langhorne if he should be living *428 merely because he happened to survive his brother. The alternate cross remainders and gifts over, conditioned upon survival, necessarily reflect the settlor’s intention that the property should pass to persons who were alive to enjoy its benefits. Moreover, the division of the trust into two equal parts for David and Reginald Langhorne was not to he accomplished until the death of their father. On his death, and at that time only, the two sons were to succeed to the enjoyment of the income from the trust and a possibility of a remainder. The possibility of a remainder was dependent as much upon their surviving their father, the primary life tenant, as it was upon their surviving each other. Although Reginald Langhorne’s remainder on David’s share vested by statutory definition during Ms life (Real Property Law, § 40), it was divested upon his death before the termination of the trust.
Accordingly, the principal must be distributed “ to the issue of the party of the first part per stirpes ’ ’ in accordance with the trust instrument. Consistent with the foregoing determination of the settlor’s intent, the final gift over is a gift to those surviving the termination of the trust. This conclusion also finds support in the cases holding that “ issue per stirpes ” is a class to be determined at the time of distribution (see Matter of Weelces, 174 Mise. 930, affd. 260 App. Div. 1014). The principal of the trust should, therefore, he distributed to Gladys B. Thayer and JosepMne W. Hare.
Decision upon the balance of the relief sought is held in abeyance pending receipt of objections to the account, if any, on or before October 7, 1958.