Morris Aarons, S.
On this accounting the court is concerned with the disposition of a trust created under paragraph ninth *746 for the benefit of Katherine A. D. Potter, her daughter, who died on October 16, 1969.
The will of this testatrix who died in 1913 has been the subject of prior construction by my predecessors, Surrogates Foley, Collins and Silverman.
The questions presented at this time are: (1) whether heirs are to be determined as of the date of the death of the life beneficiary or the date of death of the decedent; (2) whether the marriage of respondent Irene Helen Craves extinguished her right to receive an intestate share of the trust recently terminated.
Article third of the will created three separate and equal preresiduary trusts for the life and for the benefit of each of the decedent’s granddaughters of whom Irene Helen Craves was one. Article ninth of the will created three separate and equal residuary trusts for the lives and benefit of three of the decedent’s daughters. The daughters and the granddaughters all survived the decedent. All of the trusts under article third previously terminated. The trusts for two of the daughters of the decedent created under article ninth terminated upon their death. This third trust under article ninth has a principal balance on hand of $378,000 and is now accounted for. In a codicil to her will dated September 25, 1912, the decedent expressly said: “ido now hereby direct that if any one of my said granddaughters, viva margot bagnell, hope dorothy bagnell, or irene helen bagnell, should marry a son of mrs. alice graves, now residing with them, that the one so doing shall forfeit any share in my estate and the principal sum held in trust by the Executors and Trustees for said granddaughter, together with any interest accrued at the time of the marriage, shall fall into and become a part of my residuary estate.” (Italics supplied.) In 1929 Surrogate Foley held that the respondent Irene Helen Craves by her marriage to a son of Mrs. Alice Craves 1 ‘ forfeited her right to the provisions made for her under paragraph third of the will.” He directed that the share held in trust for respondent Irene Helen Craves be distributed under the residuary clause of the decedent’s will. Article ninth is the residuary clause. It is therein provided: 11 should all of my said children die, leaving no issue, them surviving, then I give, devise and bequeath said residuary estate to those who would take the same under the Intestate Laws of the State of New York.” Decedent’s three daughters, Henrietta Neilson Potter, Margaret Eenshaw Potter and Katherine Alexander Duer Potter died without issue.
*747 Those who would take at the decedent’s death May 3, 1913 under the law of intestacy would be the decedent’s four daughters, now deceased. Those who would take at the termination of the instant trust on October 16,1969 under the law of intestacy would be the decedent’s granddaughter, Irene Helen Bagnell Graves and the decedent’s greatgrandchildren, the children of Viva M. Eccles, namely Elizabeth E. Noble, Virginia H. Moffat, Robin Eccles and John W. G. Eccles.
It is the ruling of this court that the remaindermen are to be determined as of the date of the termination of the trust, to wit, October 16,1969. The general rule of construction is that where there is a primary gift to a class of remaindermen who are to be determined as of the termination of the trust and a substitutional gift to heirs in the event of the failure of the primary class, the remainder to heirs is secondary, contingent and substitutional and the class of remaindermen should be determined as of the death of the life tenant. (Matter of Smith, 42 Misc 2d 1081 [N. Y. County Surr.]; Matter of Thibaut, 6 Misc 2d 376; Matter of Sayre, 1 A D 2d 475 [4th Dept., 1956], affd. 2 N Y 2d 929 [1957].) The rationale is that if the heirs at law were determined as of the date of the testator’s death, the intent of the will would be frustrated and would result in the distribution of trust remainders through the estates of the same persons who were the income beneficiaries and contingent remaindermen. If the primary gift is contingent, the substitutional gift to heirs is necessarily contingent resulting in the determination of the class at the termination of the trust when principal is actually distributed. The decedent is presumed to have intended to benefit living persons. A requirement of survival is an express condition found in article hihth as well as article third. This decedent certainly meant to benefit her own heirs.
The court now directs its attention to the question as to whether or not by reason of her marriage in contravention of the terms of the codicil, Irene Helen Graves has forfeited her right to share as an intestate distributee. In her behalf the court is urged to follow a line of cases such as Gallagher v. Crooks (132 N. Y. 338 [1892]); Pomroy v. Hincks (180 N. Y. 73 [1904]); Matter of Trumble (199 N. Y. 454 [1910]), and others which stand for the proposition that words of disinheritance alone do not exclude one’s right to share as a distributee in the absence of a valid disposition of property to another. In Pomroy v. Hincks (supra, at p. 75), the court expressed the doctrine that: “ ‘ the legal rights of the heir or distributee, to the property of deceased persons, cannot be defeated except by a valid devise of such property to other persons.’ ” — in effect saying that if *748 the only function which the instrument performs is to dispose of property, it is necessary that this disposition be in the affirmative.
Professor Samuel Hoffman, in a Practice Commentary (MKinney’s Cons. Laws of N. Y., Book 17B, EPTL) to EPTL 1-2.18 which is not applicable to this will, having become effective in 1967, discusses the Pomroy v. Hincks (supra) line of cases relied on by Mrs. Graves and says (p. 28): ‘1 The force of this precedent has been considerably diluted by the doubt cast in In re Dammann’s Estate, 1963, 12 N. Y. 2d 500, 240 N. Y. S. 2d 968, 191 N. E. 2d 452 on the continuing viability of Pomroy v. Hincks. In the Dammann case, at page 507 * * * the Court of Appeals recognized that 1 a clearly and unmistakably expressed negative is as complete and unavoidable a statement of intent as if cast in the affirmative
In the Dammann case (12 N Y 2d 500, 506) the Court of Appeals was concerned with a will including a desire ‘ ‘ that those hereinbefore mentioned shall inherit my estate, and that no part of my estate shall go to any except those hereinbefore mentioned ’ \ The courts below ruled that the testatrix had died intestate as to a one-eighth share of the residuary. Judge Desmond in reversing said at page 505: “ In holding as they did, the courts below failed, as we see it, to give effect to the plain language and unquestionable command of the immediately following paragraph ” (above quoted to the effect that certain relatives are not to share).
Further, in the Dammann case the Court of Appeals rejected the holding below that a portion of the residue passed as intestate property and, instead, the highest court found that a complete disposition of all property was contained within the text of the will. Neither are we here dealing with intestate property since the distribution is to be made pursuant to a direction in the will. The combinations of directions in this will (1) that Irene Helen Graves forfeit any share in the estate and (2) the bequest of the trust remainder to those who would take in intestacy is wholly comparable to the combination of directions found in the Dammann will. When our testatrix named her distributees as remaindermen it was the equivalent of the identification of individuals in the Dammann will, the only incidental distinction being that in the case at bar the statute of distribution identifies the individuals. When our testatrix declared that Mrs. Graves would forfeit any share of the estate, the testatrix effectively removed Mrs. Graves from the group of distributees.
*749 Accordingly, the principal of this trust is distributable in equal shares to the four great-grandchildren of the decedent, the children of her granddaughter, Viva M. Eccles: Elizabeth E. Noble, Virginia H. Moffat, Eobin Eccles and John W. Gr. Eccles. All income on hand and accrued to the date of death of the life beneficiary is to be distributed to her estate.