Maxtmu.tan Moss, S.
Testator created a trust with income payable to Ms wife and son. ‘ ‘ Upon the death of the last of the two beneficiaries ” he directed that the principal be “distributed ” one third to his son’s wife and two thirds to his son’s children. In the event the son died without children, one half was to be “ paid ” to the son’s wife and the other half to testa *695 tor’s heirs at law per stirpes. In the event the son died without wife and children the total amount of the trust was to be distributed among testator’s heirs at law per stirpes. Testator was survived by his wife and son. Both are now dead, the son leaving no wife and no child. The trustee presents the question as to whether the class of heirs at law are to be determined at the time of testator’s death or at the time of the death of the life beneficiaries.
The will contains no words of present gift of the remainder of the trust, only a direction to distribute and to pay to heirs at law and then only in contingencies of nonsurvival of the son’s wife and children. The gift to the heirs is therefore contingent and substitutional. In Matter of Fishel (167 Misc. 145, affd. 256 App. Div. 915, motion for leave to appeal denied 280 N. Y. 851) it was held that the gift of the remainder there was substitutional and thereby testator indicated his intention to postpone vesting until the termination of the trust. Likewise in Matter of Sayre (1 A D 2d 475, affd. 2 N Y 2d 929), the Court of Appeals quoted from the decision of the Appellate Division to the effect that since the remainder to heirs was secondary, contingent and substitutional, the class of remaindermen was to be determined as of the death of the life tenant. (See, also, decision of this court rendered concurrently herewith in Matter of Powers, 27 Misc 2d 179.) The court holds that the heirs at law are to be determined as of the time of death of testator’s son, and the will is so construed.
The court directs that any part of the principal of the trust payable to residents of East Germany is to be paid to the Treasurer of the City of New York subject to the further order of this court (Surrogate’s Ct. Act, § 269; Matter of Geiger, 7 N Y 2d 109).