Maximilian Moss, S.
The successor trustee has submitted for judicial settlement its accounts as to several trusts created under the testator’s will and seeks the court’s approval of the proposed allocation of stock dividends as reflected in Schedule “ H ” of the respective accounts, and a determination as to the manner of distribution of the corpus of the trust created for the benefit of Tillie Maxwell Whiting.
By article “ fourth ” subdivision u (2) ” the testator established a trust in the sum of $50,000 for Tillie Maxwell Whiting and by article “ sixth ” subdivision “ (2) ” provided for distribution of the principal of the said trust upon her death “ to *914 her issue her surviving, or the issue of such child if it has died before her leaving such issue, or in case she should leave no child or issue of any child at the time of her death, then to my next of kin entitled to take under the laws of the State of New York.” The testator died May 11, 1902. His niece, Tillie Maxwell "Whiting, died April 11, 1959 leaving no issue.
The court must now determine the persons entitled to take the corpus of the said trust for Tillie Maxwell Whiting. Are the “ next of kin ” to be determined as of the testator’s death or at the time of death of Tillie Maxwell Whiting? The language of this trust created a primary gift to “her issue” a class, the members of which are to be determined “ upon her death ” when the trust terminated. The alternative gift to “next of kin ” was only to take effect on the failure of issue of Tillie Maxwell Whiting when the alternative gift to the ‘1 next of kin ’ ’ became effective. The gift to the next of kin is contingent and substitutional (Matter of Sayre, 1 A D 2d 475, affd. 2 N Y 2d 929 ; Matter of Fishel, 167 Misc. 145, 146, affd. 256 App. Div. 915, motion for leave to appeal denied 280 N. Y. 851 ; Matter of Powers, 27 Misc 2d 179 ; Matter of Waessel, 27 Misc 2d 694).
The court holds that next of kin are to be determined as of the date of death of Tillie Maxwell Whiting and distribution made of the said trust corpus accordingly, and the said trust is so construed.
There being no opposition to the proposed allocation of stock dividends as indicated in Schedule “ H ” of each of said accounts, the court adopts and approves the same.